UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

**JOHN J. BLACK (a.k.a. "JEFF BLACK"), and JANICE F. H. BLACK**
**Plaintiffs**

**v.**

**REBECCA J. LEFEBVRE, TAX ASSESSOR FOR THE TOWN of BARRINGTON, RHODE ISLAND, OFFICIALLY and PERSONALLY, and THE TOWN OF BARRINGTON, RHODE ISLAND THROUGH ITS TREASURER DEAN M. HUFF, JR.**
**Defendants**

**C.A. No. 05-449ML**

**(R.I. Superior Court C.A. No. PC 04-4457)**

## MOTION TO REMAND

1. On August 16, 2004, Plaintiffs properly filed, in the Rhode Island Superior Court at Providence County, a properly joined "Petition and Complaint", as Amended through operation of Rhode Island Superior Court Rules of Civil Procedure Rule 7(b)(3)(v)on October 13, 2005 ("AMENDED PETITION AND COMPLAINT"), AND

2. The Rhode Island Superior Court jurisdiction being as mandated by Rhode Island General Law section 44-5-26, and the joinder is as provided for by the Rhode Island Superior Court Rules of Civil Procedure Rules of joinder, AND

3. On or about October 25, 2005 and October 26, 2005, Defendants filed with this Honorable Court, a "PETITION FOR REMOVAL", "NOTICE OF FILING PETITION FOR REMOVAL", and "AMENDED NOTICE OF FILING PETITION FOR REMOVAL", (collectively hereinafter referred to as, "NOTICE AND PETITION"), AND

4. WHEREAS Defendants' documents, notice and filings are fatally procedurally defective in substance and in fact, and Plaintiffs do now object to Defendants' NOTICE PETITION and do not waive their rights to joinder of the AMENDED PETITION AND COMPLAINT, THEN

5. Defendants' NOTICE AND PETITION, for the following reasons, shall not operate to remove:

A. Defendants NOTICE AND PETITION not having been filed within the required 30 day non-discretionary time period (28U.S.C section 1446(c)), as Plaintiffs' gave notice to Defendants of Plaintiffs' claims for which this Court has original jurisdiction (28 U.S.C. section 1331) more than 30 days prior to the filing of Defendants' NOTICE AND PETITION, Plaintiffs having certified and mailed (United States Postal Service, return address, postage prepaid) to Defendants notice on August 31, 2005, and first served Defendants with the initial PETITION AND COMPLAINT on or about August 16, 2004.

Therefore, the date upon which Defendants first received notice in the form of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based is more than thirty (30) days prior to October 25, 2005 and October 26, 2005.

B. Defendants' NOTICE AND PETITION do not assert diversity as a jurisdictional basis for removal and, absent of such assertion, and notwithstanding such lack of assertion, no removal shall lie on that basis,

C. Defendants' NOTICE AND PETITION do not assert factually that the entire matter cannot be properly adjudicated and redressed in the Superior Court at Providence

County, said court being the "state court" and, absent of such assertion, and notwithstanding such lack of assertion, no removal shall lie on that basis,

D. Plaintiffs' AMENDED PETITION AND COMPLAINT concerns essentially and predominantly facts and issues of state law, such state law being state statutory and state common law concerning property tax law for the underlying Petition for Appeal, and tightly related state constitutional and tort claims, as well as federal constitutional claims,

E. Defendants Lefebvre personally and officially, by and through their Attorney Marc DeSisito and the Defendant Town of Barrington, Rhode Island through its Treasurer Dean M. Huff, Jr., now seem to desire to remove only a narrow slice of the AMENDED COMPLAINT portion of Plaintiffs' properly joined and filed AMENDED PETITION AND COMPLAINT to this Honorable Federal District Court,

F. It appears as though Defendants may be seeking ways to delay the proceedings in the Rhode Island Superior Court at Providence County because:

i. Defendants' Answers to Plaintiffs' AMENDED PETITION AND COMPLAINT are due to Plaintiffs on November 7, 2005 in that Superior Court as stipulated by the parties, and

ii. Plaintiffs' Request for Documents in that Superior Court remains due to Plaintiffs as such Request has not been answered by Defendants, and

iii. Defendants Motions to Dismiss were properly denied by the Honorable Superior Court Justice Judith Savage on January 11, 2005, and

iv. Though Defendants' Motion to Amend Defendants' Answer to assert certain

affirmative defenses was granted by the Honorable Superior Court Justice Judith Savage on May 5, 2005, Defendants have not yet signed and filed and certified to Plaintiffs an Amended Answer.

G. Plaintiffs' PETITION and COMPLAINT was AMENDED to accomplish two purposes, one being to add the Town of Barrington, Rhode Island, through its Treasurer, as Defendant, and the other being to label and add averments for the "fraud" and "first amendment" claims that were included, in substance, in the original PETITION AND COMPLAINT,

Defendants' NOTICE AND PETITION are procedurally defective as said NOTICE AND PETITION, having been filed on or about October 25, 2005 AND on or about October 26, 2005, were filed more than 30 days beyond the date at which the PETITION AND COMPLAINT first could have been deemed to may have been removable, and the filing of the amendment by the Plaintiffs did nothing to alter this "first" date,

H. Defendants' NOTICE AND PETITION are procedurally defective as said NOTICE AND PETITION, having been filed on or about October 25, 2005 AND on or about October 26, 2005, lack the required unanimity for removal of the multi-party, multi-claim AMENDED PETITION AND COMPLAINT,

I. Removal to Federal Court by Defendants is improvident in that the Defendants have not shown that the claim(s) which they desire to remove are separate and independent,

J. Removal to Federal Court by Defendants is improvident in that it violates "the principles of economy, convenience, fairness and comity which underlie the pendent

jurisdiction doctrine". (see Rhode Island Civil Practice and Procedure, Michie Law Publishers, c. 1996, section 813, p. 43.), NOW THEREFORE

6. Plaintiffs request and demand that this Honorable Court shall find, demand and remand in accordance with the Court's powers under 28 USC section 1441(c) that Plaintiffs' entire AMENDED PETITION AND COMPLAINT shall remain joined in Rhode Island Superior Court at Providence County,

**-OR-**

IN THE ALTERNATIVE, **IF** this Honorable United States District Court shall, even after consideration of Plaintiffs' objections, find a basis upon which to rest a decision that the AMENDED PETITION AND COMPLAINT shall be removed, that this Court shall, in accordance with its powers under 28 USC section 1441(c), remove to this Honorable Court, the entire AMENDED PETITION AND COMPLAINT, so that Plaintiffs' AMENDED PETITION AND COMPLAINT will not be bifurcated BETWEEN two courts.

BY: 11/10/05 Plaintiff: ______________________

Janice F. H. Black
3 Colley Court
Barrington, Rhode Island 02806
Telephone: (401) 245 - 2356

Plaintiff: ______________________

John J. Black
3 Colley Court
Barrington, Rhode Island 02806
Telephone: (401) 245 - 2356

**CERTIFICATION:**

I certify that I have caused to be mailed (U.S.P.S., postage prepaid, return address indicated) on this 10TH day of November, 2005 a true copy of the within MOTION TO REMAND to:

1) Solicitor Mr. Michael Ursillo
Ursillo, Teitz and Ritch, Ltd.
2 Williams Street,
Providence, RI 02903-2918

and

2) Marc DeSisto, Esquire
DeSisto Law
211 Angell Street
Providence, RI 02906

BY: 11/10/05 Plaintiff:

Janice F. H. Black
3 Colley Court
Barrington, Rhode Island 02806
Telephone: (401) 245 - 2356

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**JOHN J. BLACK (a.k.a. "JEFF BLACK"),**
**and JANICE F. H. BLACK**
**Plaintiffs**

**C.A. No. 05-449ML**

**v.**

**REBECCA J. LEFEBVRE ,**
**TAX ASSESSOR FOR THE TOWN**
**of BARRINGTON, RHODE ISLAND,**
**OFFICIALLY and PERSONALLY,**
**and THE TOWN OF BARRINGTON,**
**RHODE ISLAND THROUGH ITS**
**TREASURER DEAN M. HUFF, JR.**
**Defendants**

**(R.I. Superior Court C.A. No. PC 04-4457)**

## MEMORANDUM OF LAW

I. ANALYSIS OF DEFENDANTS' NOTICE, AMENDED NOTICE, AND PETITION FOR REMOVAL

A. Analysis of Defendants' PETITION FOR REMOVAL

1. Section One contains a statement identifying the defendants as the Tax Assessor, officially and personally, and the Town of Barrington, Rhode Island. The R.I. Superior Court title of the case and the case number (C.A. No. PC 04-4457) are identified, as is a reference to a copy of the record.

2. In Section Two, Defendants offer their description of when and how the original action was commenced referring to "the action" simply as "this complaint", though Plaintiffs filed a properly joined PETITION AND COMPLAINT, Defendants go on to say: "Plaintiffs filed a Motion to Amend the Complaint on September 2, 2005, for which an Order granting same, ... was filed on October 13, 2005." The Amendment and Order

to which Defendants' refer resulted in what is referred to herein by Plaintiffs as the AMENDED PETITION AND COMPLAINT.

3. In Section Three, Defendants' say:

> "The above described action, as stated in Plaintiffs' Amended Complaint, is one of which this Court has original jurisdiction, pursuant to the provisions of 28 U.S.C. (section) 1331, and is one which may be removed to this Court by the Defendants, pursuant to the provisions of 28 U.S.C. (section) 1441 (a) -(d)."

In Section Three, the operative section of Defendants' PETITION FOR REMOVAL, contains three elements:

i. "The above described action, as stated in Plaintiffs' Amended Complaint" : This phrase indicates that Defendants are referring only to part of Plaintiffs' AMENDED PETITION AND COMPLAINT.

ii. "is one of which this Court has original jurisdiction, pursuant to the provisions of 28 U.S.C. (section) 1331": Again, Defendants' seem to be referring to only part of the Plaintiffs' AMENDED PETITION AND COMPLAINT:

iii. "and is one which may be removed to this Court by the Defendants, pursuant to the provisions of 28 U.S.C. (section) 1441 (a) -(d).": This phrase seems to indicate that Defendants are referring to only one part of the AMENDED PETITION AND COMPLAINT.

4. It is signed, "Defendants, By their attorneys". The attorneys are listed as Marc DeSisto and Michael A. DeSisto. Solicitor Mr. Ursillo has not joined in signing this notice. Defendants' certification states that this was certified to Plaintiffs on

October 25, 2005. The document is not clear as to whether DeSisto Law has signed on behalf of Defendants Rebecca J. Lefebvre officially and personally, as in Marc DeSisto's appearance filed in state court, or if DeSisto Law has signed on behalf of all Defendants. Most notably, Defendants do not point to any specific allegations or the authority supporting their removal, but rely upon a general assertion of 28 U.S.C.(sections) 1441 (a) - (d), and 28 U.S.C. 1331.

B. "NOTICE OF FILING PETITION FOR REMOVAL
Please take notice that Defendants, Rebecca J. Lefebvre, Tax Assessor for the Town of Barrington, Rhode Island, officially and personally, and the Town of Barrington, Rhode Island, through its Treasurer, Dean M. Huff, Jr.- have this day filed in the United States District Court for the District of Rhode Island a Petition for Removal of the above-entitled action from the Providence County Superior Court for the State of Rhode Island to the United States District Court for the District of Rhode Island, pursuant to 28 U.S.C.(sections) 1441 and 1446.
Dated this 25th day of October, 2005."

It is signed, "Defendants, By their attorneys". The attorneys are listed as Marc DeSisto and Michael A. DeSisto. Solicitor Mr. Ursillo has not joined in signing this notice. Defendants' certification states that this was certified to Plaintiffs on October 26, 2005. The document is not clear as to whether DeSisto Law has signed on behalf of Defendants Rebecca J. Lefebvre officially and personally, as in Marc DeSisto's appearance filed in state court, or if DeSisto Law has signed on behalf of all Defendants.

Most notably, Defendants do not point to any specific authority supporting removal , but rely upon a general assertion of "pursuant to 28 U.S.C.(sections) 1441 and 1446".

C. "AMENDED NOTICE OF FILING PETITION FOR REMOVAL
Please take notice that on October 25, 2005, Defendants - Rebecca J. Lefebvre, Tax Assessor for the Town of Barrington, Rhode Island, officially and personally, and the Town of Barrington, Rhode Island, through its Treasurer, Dean M. Huff,

> Jr.- filed in the United States District Court for the District of Rhode Island a Petition for Removal of the above-entitled action from the Providence County Superior Court for the State of Rhode Island to the United States District Court for the District of Rhode Island, pursuant to 28 U.S.C.(sections) 1441 and 1446."

It is signed, "Defendants, By their attorneys". Solicitor Mr. Ursillo has not withdrawn, yet he has not joined in signing this notice. Defendants' certification states that this was certified to Plaintiffs on October 26, 2005. The document is not clear as to whether DeSisto Law has signed on behalf of Defendants Rebecca J. Lefebvre officially and personally, as in Marc DeSisto's appearance filed in state court, or if DeSisto Law has signed on behalf of all Defendants.

Most notably, Defendants do not point to any specific authority supporting removal , but rely upon a general assertion of "pursuant to 28 U.S.C.(sections) 1441 and 1446".

II. PERTINENT TRAVEL

On August 16, 2004, Plaintiffs properly filed, in the Rhode Island Superior Court at Providence County, a properly joined "Petition and Complaint". Notice was served on all defendants on or about August 16, 2004. The Petition and Complaint was Amended through operation of Rhode Island Superior Court Rules of Civil Procedure Rule 7(b)(3)(v) on October 13, 2005 ("AMENDED PETITION AND COMPLAINT"). Notice was served on all defendants on or about August 31, 2005. The Rhode Island Superior Court jurisdiction being as mandated by Rhode Island General Law section 44-5-26, and the joinder is as provided for by the Rhode Island Superior Court Rules of Civil Procedure Rules of joinder. On or about October 25, 2005 and October 26, 2005,

Defendants filed with this Honorable Court, a "PETITION FOR REMOVAL", "NOTICE OF FILING PETITION FOR REMOVAL", and "AMENDED NOTICE OF FILING PETITION FOR REMOVAL", (collectively hereinafter referred to as, "NOTICE AND PETITION").

As described herein, Defendants' documents, notice and filings are fatally procedurally defective in substance and in fact, and Plaintiffs do now object to Defendants' NOTICE PETITION and Plaintiffs do not waive their rights to joinder of the AMENDED PETITION AND COMPLAINT.

III. REASONS FOR REMAND

Defendants' NOTICE AND PETITION, shall not operate to remove because Defendants NOTICE AND PETITION was not filed within the required 30 day non-discretionary time period (28U.S.C section 1446(c)).

Plaintiffs' gave notice to Defendants of Plaintiffs' claims for which this Court has original jurisdiction (28 U.S.C. section 1331) more than 30 days prior to the filing of Defendants' NOTICE AND PETITION, Plaintiffs having certified and mailed (United States Postal Service, return address, postage prepaid) to Defendants notice on August 31, 2005, and first served Defendants with the initial PETITION AND COMPLAINT on August 16, 2004.

Therefore, the date upon which Defendants first received notice in the form of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based is more than thirty (30) days prior to October 25, 2005 and October 26, 2005.

Of course Defendants' NOTICE AND PETITION shall not operate to remove on a diversity basis because Defendants' NOTICE AND PETITION do not assert diversity as a jurisdictional basis for removal and, absent of such assertion, and notwithstanding such lack of assertion, no removal shall lie on that basis.

Also, Defendants' NOTICE AND PETITION, shall not operate to remove because Defendants' NOTICE AND PETITION do not assert factually that the entire matter cannot be properly adjudicated and redressed in the Superior Court at Providence County, said court being the "state court" and, absent of such assertion, and notwithstanding such lack of assertion, no removal shall lie on that basis.

Another basis upon which Defendants' NOTICE AND PETITION, shall not operate to remove is that Plaintiffs' AMENDED PETITION AND COMPLAINT concerns essentially and predominantly facts and issues of state law, such state law being state statutory and state common law concerning property tax law for the underlying Petition for Appeal, and tightly related state constitutional and tort claims, as well as federal constitutional claims.

Additionally, Defendants' NOTICE AND PETITION, shall not operate to remove because Defendants Lefebvre personally and officially, by and through their Attorney Marc DeSisito and the Defendant Town of Barrington, Rhode Island through its Treasurer Dean M. Huff, Jr., now seem to desire to remove only a narrow slice of the AMENDED COMPLAINT portion of Plaintiffs' properly joined and filed AMENDED PETITION

AND COMPLAINT to this Honorable Federal District Court.

And, certainly, Defendants' NOTICE AND PETITION, shall not operate to remove if, as it appears may be the case here, Defendants are using this NOTICE AND PETITION process as a way to delay the proceedings in the Rhode Island Superior Court at Providence County because Defendants' Answers to Plaintiffs' AMENDED PETITION AND COMPLAINT are due to Plaintiffs on November 7, 2005 in that Superior Court as stipulated by the parties; and because Plaintiffs' Request for Documents in that Superior Court remains due to Plaintiffs as such Request has not been answered by Defendants; and because Defendants Motions to Dismiss were properly denied by the Honorable Superior Court Justice Judith Savage on January 11, 2005; and though Defendants' Motion to Amend Defendants' Answer to assert certain affirmative defenses was granted by the Honorable Superior Court Justice Judith Savage on May 5, 2005, Defendants have not yet signed and filed and certified to Plaintiffs an Amended Answer.

Likewise, Defendants' NOTICE AND PETITION, shall not operate to remove because of Plaintiffs' amendments, as the amendments accomplish two purposes: one being to add the Town of Barrington, Rhode Island, through its Treasurer, as Defendant (noticed to Defendants in conjunction with the original PETITION AND COMPLAINT dated August 16, 2005), and the other being to label and add averments for the "fraud" and "first amendment" claims that were included, in substance, in the original PETITION AND COMPLAINT (dated August 16, 2005).

Defendants' NOTICE AND PETITION are procedurally fatally and incurably defective as said NOTICE AND PETITION, having been filed on or about October 25, 2005 AND on or about October 26, 2005, were filed more than 30 days beyond the date at which the PETITION AND COMPLAINT first could have been deemed to may have been removable, and Plaintiffs' filing of the amendments did nothing to alter this "first" date.

And Defendants' NOTICE AND PETITION, shall not operate to remove because Defendants' NOTICE AND PETITION are procedurally defective as said NOTICE AND PETITION, having been filed on or about October 25, 2005 AND on or about October 26, 2005, lack the required unanimity for removal of the multi-party, multi-claim AMENDED PETITION AND COMPLAINT (see section I of this Memorandum).

Further, Defendants' NOTICE AND PETITION, shall not operate to remove because removal to Federal Court by Defendants is improvident in that the Defendants have not shown that the claim(s) which they desire to remove are separate and independent.

Lastly, Defendants' NOTICE AND PETITION, shall not operate to remove because removal to Federal Court by Defendants is improvident in that it violates "the principles of economy, convenience, fairness and comity which underlie the pendent jurisdiction doctrine" (see Rhode Island Civil Practice and Procedure, Michie Law Publishers, c. 1996, section 813, p. 43.), such principles having been discussed in substance throughout this Memorandum.

## IV. PRAYER AND DEMAND FOR REMAND

As Plaintiffs pray will result from application of both the considered exercise of the court's discretionary powers in this matter, as well as application of the bar by the procedural 30 day rule, and, as Defendants have presented no basis upon which removal can rest, Plaintiffs now respectfully request and demand that this Honorable Court shall find, demand and remand in accordance with the Court's powers under 28 USC section 1441(c) that Plaintiffs' entire AMENDED PETITION AND COMPLAINT shall remain joined in Rhode Island Superior Court at Providence County, or, in the alternative, if this Honorable United States District Court shall, even after consideration of Plaintiffs' objections, find a basis upon which to rest a decision that the AMENDED PETITION AND COMPLAINT shall be removed, that this Court shall, in accordance with its powers under 28 USC section 1441(c), remove to this Honorable Court, the entire AMENDED PETITION AND COMPLAINT, so that Plaintiffs' AMENDED PETITION AND COMPLAINT will not be bifurcated between two courts.

BY: 11/10/05 Plaintiff: ______________________

Janice F. H. Black
3 Colley Court
Barrington, Rhode Island 02806
Telephone: (401) 245 - 2356

Plaintiff: ______________________

John J. Black
3 Colley Court
Barrington, Rhode Island 02806
Telephone: (401) 245 - 2356

**CERTIFICATION:**

I certify that I have caused to be mailed (U.S.P.S., postage prepaid, return address indicated) on this 10th day of November, 2005 a true copy of the within MEMORANDUM OF LAW to:

1) Solicitor Mr. Michael Ursillo
Ursillo, Teitz and Ritch, Ltd.
2 Williams Street,
Providence, RI 02903-2918

and

2) Marc DeSisto, Esquire
DeSisto Law
211 Angell Street
Providence, RI 02906

BY: 11/10/05 Plaintiff:

Janice F. H. Black
3 Colley Court
Barrington, Rhode Island 02806
Telephone: (401) 245 - 2356