UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 98-DC-12219-RGS

WILLIAM SILVERSTEIN

v.

MICROSYSTEMS SOFTWARE, INC.,
THE LEARNING COMPANY, INC., RICHARD GORGENS,
DEBRA GORGENS, AND LARRY MASON

PLAINTIFF'S MOTION FOR REMAND

January 25, 1999

STEARNS, D.J.

On October 2, 1998, William Silverstein brought this Complaint in Middlesex Superior Court against his former employer, its officers, its parent corporation, and his supervisor, alleging collective violations of the Workers' Compensation Statute, G. L. c. 152, § § 75A and 75B, in the form of retaliation for his demands for job accommodations and rehiring preference. Silverstein alleges a violation of Chapter 151B, intentional interference with an advantageous relationship, conversion, breach of contract, negligent or intentional infliction of emotional distress, and a violation of the federal Family and Medical Leave Act (FMLA).

Silverstein, in the text of his Complaint, acknowledged the federal claim, but maintained that the nonremovability of a workers' compensation claim, pursuant to 28 U.S.C. § 1445(c), required that his case be litigated in state court.[(1)] On October 30, 1998, defendants nonetheless removed the case to the federal district court.[(2)] On November 18, 1998, Silverstein filed a motion for remand and costs.

Silverstein argues that by operation of 28 U.S.C. § 1445(c), there is no right of removal under 28 U.S.C. § 1441, unless the removable cause of action is "separate and independent" of the nonremovable claim. Silverstein argues that because all of the counts of his Complaint, including the FMLA claim, constitute a single cause of action, the case must be remanded. Defendants contend that because the Complaint contains a federal claim, they have the right to remove the entire case to federal court.

Section 1441 states, in relevant, part that:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States . . . .;
>
> (c) Whenever a separate and independent claim or cause of action within the jurisdiction conferred by

section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, at its discretion, may remand all matters in which State law predominates.

While § 1441(a) authorizes the removal of any case that could have originally been brought in federal court, § 1441(c) restricts (albeit in the negative) this right to those cases containing nonremovable claims joined with a "separate and independent" removable claim.(3) This distinction is consistent with the language of § 1441(a) granting to defendants the right to remove a case "[e]xcept as otherwise expressly provided by Act of Congress."

Defendants admit in their notice of removal that Silverstein's state law claims "are so related to his federal claim that they form part of the same case or controversy." A reading of the Complaint confirms this view. Because Silverstein's federal claim is not "separate and independent" and is "joined with one or more otherwise nonremovable claims," removal is not authorized under § 1441.(4)

Silverstein also seeks his costs of bringing this motion. Silverstein argues that because he presented his jurisdictional argument in the text of his Complaint, defendants were on notice that removal was improper. Given the complexity of the statutory interplay, however, defendants' attempt to invoke § 1441(a) does not seem frivolous or ill intended.

<u>ORDER</u>

For the foregoing reasons, the motion to remand is <u>ALLOWED</u>. The motion for costs is <u>DENIED</u>.

SO ORDERED.

# Richard G. Stearns

UNITED STATES DISTRICT JUDGE

---

1. Section 1445(c) states that "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States."

2. Defendants asserted federal question jurisdiction, pursuant to 28 U.S.C. § 1331, over the FMLA claim and removed the case under 28 U.S.C. § 1441(a). Defendants request that the court exercise its supplemental jurisdiction, granted under 28 U.S.C. § 1367, over the state law claims, including those claims brought under the Workers' Compensation Statute.

3. The wisdom of this statute is apparent, as a plaintiff should not be able to restrict a defendant's ability to have an independent federal claim heard in federal court by simply alleging the federal claim along with an unrelated nonremovable claim. Where the nonremovable and removable claims are intertwined, however, there is a legitimate conflict between the forums. In that instance, Congress has determined that the issue should be resolved by operation of § 1441(c).

4. The case would arguably be different if Silverstein's workers' compensation claims were preempted by federal law, as would be the case if it arose in the context of a collective bargaining agreement. See <u>Lydon v. Boston Sand & Gravel Co.</u>, 15 F.Supp.2d 150, 153-154 (D.Mass. 1998). Section 2651 of the FMLA states:



(2)

## § 1441. Actions removable generally

*Release date: 2005-09-29*

**(a)** Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

**(b)** Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

**(c)** Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

**(d)** Any civil action brought in a State court against a foreign state as defined in section 1603 (a) of this title may be removed by the foreign state to the district court of the United States for the district and division embracing the place where such action is pending. Upon removal the action shall be tried by the court without jury. Where removal is based upon this subsection, the time limitations of section 1446 (b) of this chapter may be enlarged at any time for cause shown.

**(e)**

**(1)** Notwithstanding the provisions of subsection (b) of this section, a defendant in a civil action in a State court may remove the action to the district court of the United States for the district and division embracing the place where the action is pending if—

**(A)** the action could have been brought in a United States district court under section 1369 of this title; or

**(B)** the defendant is a party to an action which is or could have been brought, in whole or in part, under section 1369 in a United States district court and arises from the same accident as the action in State court, even if the action to be removed could not have been brought in a district court as an original matter.

The removal of an action under this subsection shall be made in accordance with section 1446 of this title, except that a notice of removal may also be filed before trial of the action in State court within 30 days after the date on which the defendant first becomes a party to an action under section 1369 in a United States district court that arises from the same accident as the action in State court, or at a later time with leave of the district court.

**(2)** Whenever an action is removed under this subsection and the district court to which it is removed or transferred under section 1407 (j) has made a liability determination requiring further proceedings as to damages, the district court shall remand the action to the State court from which it had been removed for the determination of damages, unless the court finds that, for the convenience of parties and witnesses and in the interest of justice, the action should be retained for the determination of damages.

## § 1446. Procedure for removal

*Release date: 2005-09-29*

**(a)** A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

**(b)** The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

**(c)**

**(1)** A notice of removal of a criminal prosecution shall be filed not later than thirty days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time.

**(2)** A notice of removal of a criminal prosecution shall include all grounds for such removal. A failure to state grounds which exist at the time of the filing of the notice shall constitute a waiver of such grounds, and a second notice may be filed only on grounds not existing at the time of the original notice. For good cause shown, the United States district court may grant relief from the limitations of this paragraph.

**(3)** The filing of a notice of removal of a criminal prosecution shall not prevent the State court in which such prosecution is pending from proceeding further, except that a judgment of conviction shall not be entered unless the prosecution is first remanded.

**(4)** The United States district court in which such notice is filed shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand.

**(5)** If the United States district court does not order the summary remand of such prosecution, it shall order an evidentiary hearing to be held promptly and after such hearing shall make such disposition of the prosecution as justice shall require. If the United States district court determines that removal shall be permitted, it shall so notify the State court in which prosecution is pending, which shall proceed no further.

**(d)** Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.

**(e)** If the defendant or defendants are in actual custody on process issued by the State court, the district court shall issue its writ of habeas corpus, and the marshal shall thereupon take

## § 813. Remand after Removal.

The federal removal statute, 28 U.S.C. §§ 1441-1451, explicitly authorizes remand in only two situations. Under 28 U.S.C. § 1447(c), a court shall remand any case that "was removed improvidently and without jurisdiction."[21] Also under 28 U.S.C. § 1441(c), a court may remand any claim that is both independently non-removable and "separate and independent" of the claim providing the basis for removal of the case.[22]

The U.S. Supreme Court has ruled that a federal district co[illegible] discretion to remand a removed case to state court when all federal-law claims have dropped out of the action and only pendent state-law claims remain, so that "retaining jurisdiction over the case would be inappropriate."[23] Rationale: "The discretion to remand enables district courts to deal with cases involving pendent claims in the manner that best serves the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine."[24]

## § 814. Effect of Removal upon Provisional Remedies.

28 U.S.C. § 1450 mandates that any attachment, sequestration, injunctions, orders, or other provisional remedies ordered by the state court prior to removal shall remain in effect until dissolved or modified by the federal court.[25] Under Rule 64 of the Federal Rules of Civil

[21] 28 U.S.C. § 1447(c) provides, in pertinent part: "If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, and may order the payment of just costs."

In other words, "[i]f it appears before final judgment that a case was not properly removed, because it was not within the original jurisdiction of the United States district courts, the district court must remand it to the state court from which it was removed." Franchise Tax Board of Cal. v. Construction Laborers Vacation Trust for So. Cal., 463 U.S. 1, 7, 103 S. Ct. 2841, 2845, 77 L. Ed. 2d 420 (1983).

[22] 28 U.S.C. § 1441(c) provides:

> Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

[23] Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988).

[24] *Id.*, 484 U.S. at 357, 108 S. Ct. at 624. *But cf.* Thermtron Prods., Inc. v. Hermansdorfer, 423 U.S. 336, 345 (1976) (district court erred by remanding a properly removed case to state court on ground that federal docket was overcrowded; district court may not remand case to state court on ground not specified in removal statute).

[25] 28 U.S.C. § 1450.