UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JOHN J. BLACK (a.k.a. "Jeff Black"), et al,
*Plaintiffs,*

vs.

REBECCA J. LEFEBVRE, et al.,
*Defendants.*

No. 05-449ML

**DEFENDANT'S OBJECTION TO PLAINTIFFS' MOTION TO REMAND**

NOW COME Defendants and hereby object to Plaintiffs' Motion to Remand. In support thereof, defendants rely upon the Memorandum of Law, attached and incorporated herein.

Defendants,
By their attorneys,

Marc DeSisto, Esq. # 2757
Michael A. DeSisto, Esq., # 2444
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906
(401) 272-4442
(401) 272-9937 fax

Defendants,
By their attorneys,

Michael A. Ursillo #2676
URSILLO, TEITZ & RITCH, LTD.
2 Williams Street
Providence, RI 02903
(401) 331-2222

**CERTIFICATION OF SERVICE**

I hereby certify that a true and accurate copy of the within was mailed postage prepaid on this 15th day of November, 2005 to:

David C. Clarke, Esq.
BLAIS CUNNINGHAM & CROWE CHESTER
150 Main Street
P.O. Box 1325
Pawtucket, RI 02862

John J. and Janice F.H. Black
3 Colley Court
Barrington, RI 02806

Laura Sor

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JOHN J. BLACK (a.k.a. "Jeff Black"), et al,<br>*Plaintiffs,*<br>vs.<br><br>REBECCA J. LEFEBVRE, et al.,<br>*Defendants.* | No. 05-449ML |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF OBJECTION TO PLAINTIFFS' MOTION TO REMAND**

*I. Introduction*

On October 13, 2005, the R.I. Superior Court entered an Order granting Plaintiffs' Motion to file an Amended Compliant. *See Attached Exhibit A.* The Amended Complaint added the Town of Barrington, RI, through its Treasurer, Dean M. Huff, Jr., as a defendant as well as adding claims for the alleged violation of plaintiffs' First Amendment rights and fraud. On October 17, 2005, Attorney Michael DeSisto accepted service of the Amended Complaint on behalf of the Town of Barrington. *See Attached Exhibit B.* On that same day, plaintiffs' attorney certified service of the Amended Complaint on the defendant Town. *See Attached Exhibit C.*

On October 25 2005, the Town removed the Amended Complaint to this Honorable Court by filing a Petition for Removal. A timely Notice of Removal was also filed with the Superior Court on that same day. Plaintiffs have now filed a Motion to Remand this matter to the Superior Court and maintain *inter alia* that remand is appropriate because the Amended Complaint predominantly involves issues of state law and that removal was nevertheless untimely. The Town hereby objects to plaintiffs' Motion to Remand and submit first and foremost that as a newly added party, the Town has the right to remove the instant action, which contains federal civil rights claims and timely filed said Removal within thirty (30) days of the service of the Amended Petition and Complaint. The Town further submits that the remand is

not appropriate in that the Amended Complaint does not hinge on predominantly state law claims. Plaintiffs' Motion to Remand should accordingly be denied.

*II. Procedural History*

On August 16, 2004, Plaintiffs filed a complaint against Rebecca J. Lefebvre. The original Complaint sought relief against Mrs. Lefebvre individually for various state law claims of negligence as well as the alleged violation of plaintiffs' right to equal protection and due process. Plaintiffs also consolidated with this Complaint a Petition against Mrs. Lebebvre in her official capacity as tax assessor for the Town of Barrington for relief from property taxes assessed on personal property owned by plaintiffs. At the time of filing the Complaint against Ms. Lefebvre, plaintiffs, in accordance with *R.I.G.L. § 45-15-5*, filed a Notice of Claim with the Town of Barrington. However, plaintiffs waited for over a year to move to amend their Complaint to name the Town of Barrington as a defendant to the instant action. Although the Motion to Amend was filed on September 2, 2005, the Motion was not granted until October 13, 2005. *See Attached Exhibit A.* On October 17, 2005, the Town waived service of process and plaintiffs certified the service of the Amended Complaint on the Town.

As noted, the Town filed a Petition for Removal on October 25, 2005. Plaintiffs now move to remand the instant matter to Providence County Superior Court or in the alternative to remove to this Court "the entire Amended Petition and Complaint." Defendant hereby objects to plaintiffs' motion to remand.

*I. Arguments*

A. DEFENDANTS EFFECTUATED THE REMOVAL OF THE ENTIRE AMENDED PETITION AND COMPLAINT UPON THE FILING OF THE PETITION FOR REMOVAL

As an initial matter, defendant first states that plaintiffs err in their perception that only the federal claims have been removed to this Court. Defendant submits that the Petition for

Removal and the Notice of Removal operated to remove the entire Amended Petition and Complaint from the Superior Court to the Federal District Court. As noted in their Petition for Removal, defendant has removed the Superior Court action in accordance with *28 U.S.C. § 1441(a) [through] (d)*. It is well-settled that pursuant to *28 U.S.C. § 1367(a)*, "[i]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." *28 U.S.C. § 1367(a).* This section operates to confer supplemental jurisdiction to hear "state-law claims that arise from the same nucleus of operative facts." *Roche v. John Hancock Mutual Life Insurance Company, 81 F.3d 249, 256 (1st Cir. 1996).* Thus, "[w]hen otherwise nonremovable claims are part of the same nucleus of operative fact as a removable federal claim, the entire case is deemed to arise under federal law and is removable under § 1441(a) and (b). *In re Tyco Int'l, Ltd., Multidistrict Litig., 2004 DNH 94 (D.N.H. 2004).*

In the instant case, by arguing that defendant has failed to demonstrate that the federal claims are "separate and independent" from the state claims, plaintiffs appear to concede that all claims arise under the same nucleus of operative facts. *Plaintiffs' Memorandum, at 8.* As such, defendant's Petition for Removal operates to remove the entire Amended Petition and Complaint from the Superior Court and thus Plaintiffs' claim that remand is appropriate because the removal serves to bifurcate the case is unfounded.

B. THE PETITION FOR REMOVAL WAS TIMELY FILED

Plaintiffs also seek remand of the instant case based on the alleged untimely removal by defendants. In support of this position, plaintiffs appear to maintain that one of several actions triggered the thirty (30) day period for the removal of the action by the Town of Barrington.

Plaintiffs first aver that they served a copy of a proposed Petition and Complaint along with the Notice of Claim in August 2004. Plaintiffs allege that such service operated as notice for the running of the time to file a Petition of Removal. Plaintiffs also allege that filing the Motion to Amend the Complaint, on or about August 31, 2005, began the clock for filing the Petition for Removal under *28 U.S.C. § 1446.*

Defendant submits in the first instance that even though a copy of the Petition and Complaint were served with the Notice of Claim, such service is insufficient to begin the time within which defendant must file a Petition for Removal. This issue was resolved by the U.S. Supreme Court in *Murphy Bros. v. Michetti Pipe Stringing Inc., 526 U.S. 344, ___ (1999).* The Court held that time began to run not from the date defendant received a facsimile copy of the Complaint but from the date of formal service. The Court reasoned that it is formal service, not facsimile transmission, which signals the commencement of litigation. The rationale employed by the Supreme Court in *Murphy* governs the instant case. The Notice of Claim likewise did not commence litigation against the Town. Rather, time began to run from the actual filing of the Amended Petition and Complaint which named the Town as a defendant. Forwarding a copy of the proposed Complaint with the Notice of Claim is no different than faxing a copy of a proposed Complaint to a defendant. As such, the time to file the Petition of Removal did not begin to run upon the filing of the Notice of Claim in August 2004.

Defendant further submits the filing of the Motion to Amend the Complaint did not start the clock running under *28 U.S.C. § 1446.*[1] Rather, under the majority view expressed by various cases, an Amended Complaint does not become removable until an Order granting the

[1] It is also noteworthy, that the record does not show that the Town of Barrington was actually served with a copy of the Motion to Amend the Complaint. Rather, the attorneys representing Mrs. Lebebvre were served with a copy of the Motion. However, these same attorneys subsequently accepted service of the Amended Complaint and entered their appearance on behalf of the Town.

amendment of the Complaint is entered. As explained by various District Courts, commencing the thirty (30) period upon the filing of the Motion to Amend would force a defendant to speculate as to the state court's ruling and risk the removal of an action before a grounds for removal actually existed or, in the event the Motion to Amend is denied, without any basis for removal. *See i.e.* *Graphic Scanning Corp. v. Yampol*, *677 F. Supp. 256, 259 (D.Del. 1988); Schoonover v. West American Ins. Co., 665 F. Supp. 511 (S.D.Miss. 1987)(motion for leave to amend did not show that the case had become removable because the state court retained discretion to deny the leave to amend); Hibbs v. Consolidation Coal Co., 842 F. Supp. 215, 217 (D. W. Va. 1994); Miller v. Stauffer Chemical Co., 527 F. Supp. 775 (D.Kan. 1981). Accord Savilla v. Speedway Superamerica, LLC, 91 Fed. Appx. 829, 2004 WL 98815 (4th Cir. 2004).*

In the instant case, an Order granting the motion to amend was entered on October 13, 2005. Attorney Michael DeSisto accepted service of the Amended Complaint on behalf of the Town on October 17, 2005. At the earliest, the time for removal began to run upon the entry of the Order granting the filing of an Amended Complaint. Accordingly the filing of the Petition for Removal on October 25, 2005, was timely.

C. A LATER NAMED DEFENDANT'S RIGHT TO REMOVAL IS NOT WAIVED BY THE FAILURE OF THE FIRST NAMED DEFENDANT TO FILE A TIMELY REMOVAL

Although not raised by plaintiffs, there is another timeliness issue underlying this case that defendant believes the Court should be made aware of. This issue involves whether a defendant added to a case through an Amended Complaint may remove the matter to federal court when the originally named defendant has not filed a removal petition within thirty (30) days of the service of the original Complaint.[2] Defendant submits that a later added defendant should

---

[2] Plaintiffs have also raised a perceived lack of unanimity as a basis for remand of the instant matter. However, Defendant Lebevre's consent to the removal was expressed through her joining in the initial Petition for Removal

not be denied its right to seek removal based on the first named defendant's failure to timely remove a matter.

The First Circuit has not addressed this precise issue. In fact, there is a conflict among the courts within this Circuit (and among the other districts) as well as within respected treatises as to whether such a removal is timely. The only Rhode Island District Court case to address this issue dates back to the 1986 case of *Gorman v. Abbott Laboratories, 629 F.Supp. 1196 (D.R.I. 1986)*. *Gorman* involved a claim sounding in negligence and product liability. Plaintiff filed her original Complaint against one defendant in May 1984. In January, 1986, plaintiff filed an Amended Complaint citing the same causes of action against five (5) additional defendants. Like the original defendant, the newly added defendants were entirely diverse from the plaintiff. One of the newly added defendants filed a Petition for Removal within thirty (30) days of the service of the Amended Complaint which all other defendants joined. Addressing plaintiff's motion to remand based on the untimeliness of the removal, the District Court held that once the first named defendant forfeited its right to removal, any later added defendants were likewise precluded from the right to remove the matter. *Id. at 1202.*

However, since *Gorman*, more "recent cases have found that prohibiting a later named defendant from removing an action based on the plaintiffs' decision to delay filing a Complaint against that defendant and the first named defendant's decision not to remove would be unduly harsh and inequitable to that defendant." *Bauer v. Transitional Sch. Dist., 88 F. Supp. 2d 999, 1001 (D. Mo. 2000)*. In fact, the only other case in this Circuit to address this issue, *Garside v. Osco Drug, Inc., 702 F.Supp. 19, 22 (D.Mass. 1988),* reached a contrary result. In *Garside*, the

---

filed on October 25, 2005. In light of plaintiffs' apparent confusion over whether defendant Lebevre actually joined in the Removal, out of an abundance of caution, a separate Stipulation articulating defendant Lebevre's consent was filed on November 14, 2005, within (30) days of the granting of the Motion to Amend the Complaint and service of the same.

plaintiff has likewise amended her complaint to add a new defendant, McKesson Corp. McKesson Corp. filed a Petition for Removal within thirty (30) days of service of the Amended Complaint with the consent of the other defendants. McKesson Corp. subsequently determined that its own removal petition was untimely and thus moved to remand the matter. The District Court of Massachusetts analyzed the competing approaches to the question of timeliness and concluded that the approach adopted in the treatise of Wright & Miller was "the more practical and enlightened." *Id. citing 14C Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure: Jurisdiction § 3739 at 336-39 (3d ed. 1998).*[3] Thus, the Court held that as a later named and served defendant, McKesson Corp. had thirty days to seek removal from date of service, even though original defendants were timed-barred from doing so. *Id.*

In so holding, the Court accepted the rule that all defendants served with the complaint must join or assent to the removal petition. *Id. at 21 citing Gorman, 629 F.Supp. at 1199.* However, the Court rejected the conclusion that a defendant could not consent to another defendant's timely petition more than thirty days after receiving the complaint. Rather, the Court held that such a prohibition was based on an erroneous assumption that a defendant's initial failure to remove a case meant that the defendant would not have consented to removal at a later time even if given the chance to consult with the codefendants. *Id.* As articulated by the Court, "removal is often as much a matter of trial strategy as it is one of forum selection," and thus defendants in multi-party litigation must be given the chance to develop a collective strategy. *Id.* In other words, a defendant cannot be barred from removing a case without an opportunity to persuade the other defendants to join in the petition. *Id.* The *Garside* Court also concluded that allowing a defendant this opportunity is harmless to a plaintiff because the unanimity

[3] The other leading treatise, *Moore's Federal Practice* recommends that the 30-day time limit should begin to run from service on the first defendant. *Moore's Federal Practice § 107-30[3][a] (3d ed. 1997).*

requirement provides each defendant with an absolute veto over removal at any time. Id.

As espoused by the Massachusetts' District Court, the rationale for permitting removal by a later named defendant is premised first on the recognition that "[t]he removal process is intended to be fair to both the plaintiffs and the defendants." *Id. at 1003.* The District Court of Illinois has likewise concluded that "[i]t is unreasonable and unjust to punish a later-named defendant simply because the plaintiff took longer than thirty days to identify and join all possible defendants and the earliest-named defendant sat on her rights. This is especially so when the earliest-named defendant's inaction may be due to a perceived lack of liability." *Eltman v. Pioneer Communications of Am., 151 F.R.D. 311, 318 (D. Ill. 1993).* The Eltman Court specifically addressed the two principles underlying the thirty-day rule--depriving the defendant of the opportunity to see how it was faring in state court before deciding whether to remove and preventing waste of judicial resources arising from having to start the case over again in federal court after significant proceedings had occurred in state court--and concluded that neither purpose would be served by preventing the later served defendant from removing the matter:

> "Allowing a later-named defendant to remove despite the inaction of an earlier-named defendant would not defeat section 1446(b)'s purposes. Such removal does not start the case over because there is no case against the later-named defendant until he is named. There is no waste because judicial resources have not yet been expended. There is no delay because the case against that defendant has just begun. And there is no jockeying for tactical advantage because the "lateness" of the removal petition is due to the fact that the plaintiff did not name that defendant earlier."

*Id. at 317. See also Collings v. E-Z Serve Convenience Stores, Inc., 936 F.Supp. 892, 895 (N.D.Fla. 1996).*

Defendant thus submits that the better rule is to allow a later named defendant the right to seek removal within thirty (30) days of service of the Amended Complaint despite the inaction by the first named and served defendant. In the instant case, as more fully outlined above, the Town

filed a timely removal within thirty (30) days of the service of the Amended Complaint and thus the Motion to Remand should be denied.

D. THE STATE LAW CLAIMS DO NOT PREDOMINATE THE INSTANT COMPLAINT

Plaintiffs alternatively state that remand is appropriate because the state law claims predominates the instant Complaint. Plaintiffs have not articulated how or why they believe the state law claims predominate the instant Complaint and, upon review of the claims and allegations it is difficult to support such a conclusion.

As this Court is aware, in order to find predominance such to warrant remand, the Court must find that "a state claim constitutes the real body of a case, to which the federal claim is only an appendage." *DeAsencio v. Tyson Foods, Inc., 342 F.3d 301, 309 (3d Cir. 2003) quoting Gibbs, 383 U.S. at 727.* Plaintiffs' Amended Complaint seeks to recover for perceived violations of their right to equal protection, due process and free speech all stemming from disagreements with the defendants over a tax assessment on their property located in Barrington, RI and the subsequent hearings challenging this tax assessment. Defendants submit that even though plaintiff has also alleged the violation of state tax statutes, according to plaintiffs such violations only further demonstrate a deprivation of plaintiffs' constitutional rights. Defendants thus submit that these claims clearly do not predominate the instant action. Rather, considering that "the scope of the issues presented, the damages alleged, and the evidence required to prove the state and federal claims are substantially the same . . . [s]uch circumstances do not support an argument that the federal claim is dominated by or a mere appendage to the alleged state claims." *McNerny v. Neb. Pub. Power Dist., 309 F. Supp. 2d 1109, 1118 (D. Neb., 2004) citing Williams v. Ragnone, 147 F.3d 700, 703 (8th Cir. 1998).* Consequently, plaintiffs have failed to

demonstrate that the federal claims are a mere appendage to the state law claims and plaintiffs' motion to remand should accordingly be denied.[4]

*III. Conclusion*

For the reasons cited herein, as well as those that may be raised at hearing, defendant respectfully requests that this Court deny plaintiffs' Motion to Remand.

Defendants,
By their attorneys,

Marc DeSisto, Esq. # 2757
Michael A. DeSisto, Esq., # 2444
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906
(401) 272-4442
(401) 272-9937 fax

Defendants,
By their attorneys,

Michael Ursillo (kmd)

Michael A. Ursillo #2676
URSILLO, TEITZ & RITCH, LTD.
2 Williams Street
Providence, RI 02903
(401) 331-2222

**CERTIFICATION OF SERVICE**

I hereby certify that a true and accurate copy of the within was mailed postage prepaid on this 15th day of November, 2005 to:

David C. Clarke, Esq.
BLAIS CUNNINGHAM & CROWE CHESTER
150 Main Street
P.O. Box 1325
Pawtucket, RI 02862

John J. and Janice F.H. Black
3 Colley Court
Barrington, RI 02806

[4] Plaintiffs have alternatively argued that "fairness, judicial economy, convenience, and comity" require the Court to refuse to exercise jurisdiction over this instant Complaint. However, such convenience concerns only "apply when the district court views the state claim as predominant or novel or complex under subsections 1367(c)(1) and (2), . . . [or] when the district court dismisses the federal claim and re-examines its jurisdiction over the remaining state law claims under section 1367(c)(3). *Alger v. Ganick, O'Brien & Sarin, 35 F. Supp. 2d 148, 156 (D. Mass., 1999) citing Lopez-Soto v. Hawayek, 988 F. Supp. 41, 46-47 (D.P.R. 1997).*