**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **JOHN J. BLACK (a.k.a. "JEFF BLACK"), and JANICE F. H. BLACK** <br> **Plaintiffs** <br> **v.** <br> **REBECCA J. LEFEBVRE, TAX ASSESSOR FOR THE TOWN of BARRINGTON, RHODE ISLAND, OFFICIALLY and PERSONALLY, and THE TOWN OF BARRINGTON, RHODE ISLAND THROUGH ITS TREASURER DEAN M. HUFF, JR.** <br> **Defendants** | **C.A. No. 05-449ML** <br><br> **(R.I. Superior Court C.A. No. PC 04-4457)** |

**PLAINTIFFS' REPLY TO COUNTERCLAIMS IN DEFENDANTS' ANSWER, OBJECTIONS, and REQUESTS for JUDICIAL NOTICE**

1.) Under Rule 7(a) (Court Rules of Civil Procedure), Plaintiffs do now reply to Defendants' Answer ("New Answer") certified to Plaintiffs and dated November 4, 2005, such Answer having been filed in the United States District Court in Providence, Rhode Island on or about November 4, 2005. Such new answer was required as to the Town of Barrington for the entire Amended Petition and Complaint, and for Defendant Lefebvre as to the amended portion only. Plaintiffs file such reply now in order to comply with Rule 12(a), "The plaintiff shall serve his or her reply to a counterclaim in the answer within twenty (20) days after service of the answer"... By complying with these rules for such reply, Plaintiffs do not waive their objections to U.S. District Court jurisdiction, and understand that the 20 day time period for reply as set forth in these rules is not stayed by

Plaintiffs having filed a Motion for Remand and accompanying Memorandum of Law.

2A) Because, in this New Answer, Defendant Lefebvre now attempts to deny admissions previously made in her Original Answer (certified and dated September 3, 2004 to Plaintiffs, and filed in state court) to Plaintiffs' original Petition and Complaint, Plaintiffs object and demand that Defendant Lefebvre shall stay inside her Original Answer in regard to the following items, and Plaintiffs shall accept Defendant Lefebvre's admissions as contained in the Original Answer for averments numbered:

1, 9A,15B, 27, 30E, 37C, 51, 63, 97, 99, 103, 104, 127, 133, 149J, 149L

Plaintiffs request that this Honorable Court shall take Judicial notice of Defendant Lefebvre's Original Answers in these matters.

2B) As to the introductory paragraph prior to amendment, Plaintiffs object and demand that Defendant Lefebvre shall stay inside her Original Answer, and Plaintiffs shall accept Defendant Lefebvre's Original Answer to this portion of the introductory paragraph of Plaintiffs' original Petition and Complaint wherein Defendant Lefebvre waived answer. Plaintiffs request that this Honorable Court shall take Judicial notice of Defendant Lefebvre's Original Answers in these matters.

2C) Because Defendant Lefebvre now attempts to deny answers previously made in her Original Answer to Plaintiffs' original Petition and Complaint, Plaintiffs object and demand that Defendant Lefebvre shall stay inside her Original Answer, and Plaintiffs shall accept Defendant Lefebvre's original answers for averments numbered:

18A, 18B, 21B, 28, 29, 31A, 31B, 34B, 39C, 40A, 48A, 60B, 65, 71, 140, 149A, 149B, 149G

Plaintiffs request that this Honorable Court shall take Judicial notice of Defendant Lefebvre's Original Answers in these matters.

3.) Plaintiffs deny any and all claims, counterclaims, pleadings, and affirmative defenses asserted by Defendants in the section of Defendants' Answer entitled, "Affirmative Defenses", as Defendants have provided Plaintiffs insufficient notice in pleadings of such claims, pleadings, and defenses.

4.) To the extent that Defendants "Affirmative Defenses" contain counterclaims, Plaintiffs deny all counterclaims, however labeled, in Defendants' Answer.

5.) Plaintiffs deny all any and all claims, counterclaims, pleadings, and affirmative defenses asserted by Defendants' in the section of Defendants' Answer entitled, "Affirmative Defenses", as Defendants have proffered no facts to support such claims and defenses in this case, and that such lack constitutes insufficient notice pleading under Rule 8(a)(1) (Court Rules of Civil Procedure).

6.) Plaintiffs deny any and all claims, counterclaims, pleadings, and affirmative defenses asserted by Defendants in the section of Defendants' Answer entitled, "Affirmative Defenses", as untrue and without merit factually or in law.

7.) Plaintiffs directly, specifically, and explicitly deny the counterclaim of "laches". Though Plaintiffs cannot deny with further specificity because Defendants have provided insufficient notice pleading as required by Rule 8(a)(1), Plaintiffs aver that no cause of action shall lie for laches, and that to the extent that Defendants have suffered any alleged harm, such harm has been caused by their own actions and/or inactions. Defendants are

further barred, by the Doctrine of Estoppel in Pais, from asserting any such claims.

8.) Plaintiffs recognize and accept that Defendants have withdrawn from Defendants' Original Answer Defendants' requests for Declaratory Judgment, in recognition that Defendants' averred statements were untrue and, therefore, Defendants now decline to ask the Court to find that such relief shall lie for Defendants. Plaintiffs beg that this Honorable Court shall also take Judicial notice of Defendants' withdrawal of these claims.

9.) Plaintiffs recognize and accept that Defendants have withdrawn from Defendants' Original Answer Defendants' response that "procedural breakdown was provided to the Plaintiffs", because Defendants' averred statement to that effect was untrue and, therefore, Defendants now decline to make such averment. Plaintiffs beg that this Honorable Court shall also take Judicial notice of Defendants' withdrawal of this claims.

10.) Plaintiffs recognize and accept that Defendants have withdrawn from Defendants' Original Answer Defendants' General Objections, requests for relief and all affirmative defenses, because Defendants now decline to make such averments and claims because Defendants now recognize that those positions are unsupportable in fact and/or in law. Plaintiffs beg that this Honorable Court shall also take Judicial notice of Defendants' withdrawal of these objections, claims and defenses.

11.) In May 2005, Defendant Lefebvre moved that the superior court allow her to amend her Original Answer to Plaintiffs' original Petition and Complaint. Though the court granted Defendant's motion, Defendant Lefebvre's attorneys did not sign and file the Amended Answer as required by Rule 11 (first sentence). The Amended Answer

contained affirmative defenses numbered 6, 7, 8, and 9. To the extent that those defenses are now raised in the New Answer as affirmative defenses numbered 1, 2, 3, and the word "ripeness" as included in number 5, Plaintiffs shall consider Defendant Lefebvre to now be asserting those specific defenses. However, Plaintiffs do now reassert the arguments raised in items 3, 4, 5, and 6, herein, in response to those pleadings.

12.) To the extent that Defendants simply "deny" in answer, Plaintiffs object to Defendant's lack of specificity and ask that the Court order the Defendant to answer fully and with specificity so that the denials shall fairly meet the substance of the averments denied, as required by Court Rules of Civil Procedure ("Rule") Rule 8b, and where Defendants have answered "neither admits nor denies the allegations ..., but leaves Plaintiffs to its proof thereof", Plaintiffs object to this response in that it does not affirm or deny with specificity nor conform to other language as required by Rule 8(b). Plaintiffs do now pray that this Court direct that Defendant shall answer all items in the Amended Petition and Complaint by affirming or by denying with specificity, or by otherwise complying with Rule 8(b), or, in the alternative, that this court shall deem that, to the extent that Defendants' answers do not conform to Rule 8(b), then Rule 8(d) shall apply and that Defendants' answer shall be "admit".

BY: 11/14/05 Plaintiff:

Janice F. H. Black, pro se

John J. Black, pro se
3 Colley Court
Barrington, Rhode Island 02806
Telephone: (401) 245 - 2356

**CERTIFICATION:**

I certify that I have caused to be mailed (U.S.P.S., postage prepaid, return address indicated) on this 14th day of November, 2005 a true copy of the within to:

1) Solicitor Mr. Michael A. Ursillo
Ursillo, Teitz and Ritch, Ltd.
2 Williams Street
Providence, RI 02903-2918

2) Marc DeSisto, Esquire
Michael A. DeSisto, Esquire
DeSisto Law
211 Angell Street
Providence, RI 02906

BY: 11/14/05 Plaintiff:

Janice F. H. Black, pro se
3 Colley Court
Barrington, Rhode Island 02806
Telephone: (401) 245 - 2356