**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

---

**JOHN J. BLACK (a.k.a. "JEFF BLACK"),**
**and JANICE F. H. BLACK**
**Plaintiffs**

**C.A. No. 05-449ML**

**v.**

**REBECCA J. LEFEBVRE ,**
**TAX ASSESSOR FOR THE TOWN**
**of BARRINGTON, RHODE ISLAND,**
**OFFICIALLY and PERSONALLY,**
**and THE TOWN OF BARRINGTON,**
**RHODE ISLAND THROUGH ITS**
**TREASURER DEAN M. HUFF, JR.**
**Defendants**

**(R.I. Superior Court C.A. No. PC 04-4457)**

---

**PLAINTIFFS' REPLY MEMORANDUM**

**TO DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO**

**PLAINTIFFS' MOTION TO REMAND**

1. Defendants have not directly nor explicitly answered each point raised by Plaintiffs in Plaintiffs' Memorandum of Law in support of Plaintiffs' Motion to Remand.

2. Though Defendants' attorneys sign their Memorandum of Law on behalf of "Defendants", it appears from the body of the Memorandum that Defendants' attorneys have only presented arguments to support removal on behalf of the town. The document refers to "Defendant", "Defendant town" and "Defendant's" for the possessive, and, therefore, there appears to be unanimity on the part of the Defense that Defendant Lefebvre is making no arguments against remand.

3. Both defendant Town of Barrington, Rhode Island and Defendant Rebecca J. Lefebvre

were served with a Summons and the Petition & Complaint at the time of the original service of process more than a year ago (on or about August 16, 2004). Plaintiffs filed the original Petition and Complaint in state court on August 16, 2004. While it is true that for most actions against municipalities, Rhode Island General Law (RIGL) requires that the municipality shall receive written presentment, notice, and demand of the claim (RIGL section 45-15-5, "45-15-5 notice"), and that the municipality shall be sued through its Treasurer, RIGL section 44-5-26 provides an exception in that the municipality shall be sued through its Tax Assessor in his or her official capacity when the lawsuit also involves a petition such as the one filed in this case. Additionally, Plaintiffs served the 40 day "45-15-5 notice" at the time of service of the Summons and the Petition & Complaint.

4. It is also important to note that no federal claims were raised for the first time in the Amended Petition and Complaint, and the amendments included additional averments as to all defendants, not just as to the town. As to the federal first amendment claims contained in the Amended Petition and Complaint, they were made out in substance in the original Petition and Complaint. The amendment served to explicitly include the label, and to add a few additional averments. Being that they are pro se, Plaintiffs have chosen to use averments as a tool to streamline the issues for trial. Therefore, the notice required for purposes of 28 U.S.C 1446(c), was effectuated more than a year ago, as described herein.

5. Defendants' statement that "The Town filed a Petition for Removal on October 25, 2005" (p. 2, second paragraph), is notable in that, as opposed to Defendants' NOTICE AND PETITION, it is infinitely more clearly descriptive of what it is that Defendants thought they were removing to this Court.

While Defendant's Memorandum of Law asserts that "the Town Removed the Amended Complaint" (p. 1, paragraph 2), and that "the Amended Complaint does not hinge predominantly on state law claims"(p. 2, at the top), Defendant also explicitly agrees that:

> "Plaintiffs also consolidated with this Complaint a Petition against Mrs. Lefebvre in her official capacity as tax assessor for the Town of Barrington for relief from property taxes assessed" (p. 2, first full paragraph).

(Though Defendants' attorneys go on to mischaracterize Plaintiff's properly joined petition as one for relief from **personal** property taxes, the petition is an appeal of **ratable real property** tax valuation and assessment, an important distinction.)

Defendants agree that the Defendants were timely and properly served by Plaintiffs with the "45-15-5 notice" at the time of the filing of Plaintiffs' original Petition and Complaint. And Defendants agree that the Plaintiffs' Petition and Complaint are "consolidated", though Plaintiffs prefer the more aptly descriptive term "proper joinder".

6. Surprisingly, Defendants then go on to offer (p. 3, paragraph 1), "plaintiffs appear to concede that all claims arise under the same nucleus of operative facts" as support for Defendant's new contention that "defendant's Petition for Removal operates to remove the entire Amended Petition and Complaint from the Superior Court". However, the use

of the term "Defendant", in the singular, revives the glaring lack of unanimity evidenced in even this new argument, resulting in the legitimate conclusion that, notwithstanding any protest by Defendant, Defendants' desire that the Petition and Complaint shall remain bifrucated between two courts.

## THE TAX INJUNCTION ACT, 28 U.S.C. 1341

7. Further, as to Defendants' statement that (p. 3, paragraph 1), "plaintiffs appear to concede that all claims arise under the same nucleus of operative facts", Plaintiffs agree that Plaintiffs' Petition and Complaint are properly joined. And now there must be proper consideration of Defendants' proffered standard, "THE STATE LAW CLAIMS DO NOT PREDOMINATE IN THE INSTANT COMPLAINT" (p. 9, heading).

Plaintiffs argue that the Tax Injunction Act (28 U.S.C. 1341) which Defendants do not address, provides the proper standard in this case, and beg that this Honorable Court, in applying the proper standard, shall REMAND the entire Amended Petition and Complaint to Superior Court.

The Tax Injunction Act (28 U.S.C. 1341) says that federal district courts are prohibited from enjoining the assessment, levy, or collection of state taxes where a "plain, speedy, and efficient remedy may be had in the courts of such State" (see Tully v. Griffin, Inc., 429 U.S. 68 (1976)). In the case of Plaintiffs' properly joined Amended Petition and Complaint, a plain, speedy and efficient remedy may be had as to all claims. Therefore, Plaintiffs respectfully request and move that this Honorable Court shall now unburden

itself and shall REMAND Plaintiffs' entire Amended Petition and Complaint to Superior Court.

PRAYER FOR RELIEF

Plaintiffs argue that the Tax Injunction Act (28 U.S.C. 1341) which Defendants do not address, provides the proper standard in this case, and beg that this Honorable Court, in applying the proper standard, shall REMAND the entire Amended Petition and Complaint to Superior Court.

BY: 11/16/05 Plaintiff:

Janice F. H. Black, pro se

John J. Black, pro se
3 Colley Court
Barrington, Rhode Island 02806
Telephone: (401) 245 - 2356
Plaintiffs have no facsimile machine.



ORDER TO REMAND

An order will issue accordingly.

Date:

Signed:

**CERTIFICATION:**

I certify that I have caused to be mailed (U.S.P.S., postage prepaid, return address indicated) on this 16TH day of November, 2005 a true copy of the within to:

1) Solicitor Mr. Michael A. Ursillo
Ursillo, Teitz and Ritch, Ltd.
2 Williams Street
Providence, RI 02903-2918

2) Marc DeSisto, Esquire
Michael A. DeSisto, Esquire
DeSisto Law
211 Angell Street
Providence, RI 02906

BY: 11/16/05 Plaintiff:

Janice F. H. Black, pro se
3 Colley Court
Barrington, Rhode Island 02806
Telephone: (401) 245 - 2356