RECEIVED
NOV 1 8 2005
Property of U.S. District Court
District of Rhode Island

Denied for the reasons set forth in the memorandum in opposition. Mary M. Lisi USDJ 11/21/05

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JOHN J. BLACK (a.k.a. "JEFF BLACK"),
and JANICE F. H. BLACK
Plaintiffs

C.A. No. 05-449ML

v.

REBECCA J. LEFEBVRE,
TAX ASSESSOR FOR THE TOWN
of BARRINGTON, RHODE ISLAND,
OFFICIALLY and PERSONALLY,
and THE TOWN OF BARRINGTON,
RHODE ISLAND THROUGH ITS
TREASURER DEAN M. HUFF, JR.
Defendants

(R.I. Superior Court C.A. No. PC 04-4457)

## MOTION TO REMAND

1. On August 16, 2004, Plaintiffs properly filed, in the Rhode Island Superior Court at Providence County, a properly joined "Petition and Complaint", as Amended through operation of Rhode Island Superior Court Rules of Civil Procedure Rule 7(b)(3)(v)on October 13, 2005 ("AMENDED PETITION AND COMPLAINT"), AND

2. The Rhode Island Superior Court jurisdiction being as mandated by Rhode Island General Law section 44-5-26, and the joinder is as provided for by the Rhode Island Superior Court Rules of Civil Procedure Rules of joinder, AND

3. On or about October 25, 2005 and October 26, 2005, Defendants filed with this Honorable Court, a "PETITION FOR REMOVAL", "NOTICE OF FILING PETITION FOR REMOVAL", and "AMENDED NOTICE OF FILING PETITION FOR REMOVAL", (collectively hereinafter referred to as, "NOTICE AND PETITION"), AND

SUPERIOR COURT
FILE MARK VOID
11-14-05
CLERK DATE

4. WHEREAS Defendants' documents, notice and filings are fatally procedurally defective in substance and in fact, and Plaintiffs do now object to Defendants' NOTICE PETITION and do not waive their rights to joinder of the AMENDED PETITION AND COMPLAINT, THEN

5. Defendants' NOTICE AND PETITION, for the following reasons, shall not operate to remove:

A. Defendants NOTICE AND PETITION not having been filed within the required 30 day non-discretionary time period (28U.S.C section 1446(c)), as Plaintiffs' gave notice to Defendants of Plaintiffs' claims for which this Court has original jurisdiction (28 U.S.C. section 1331) more than 30 days prior to the filing of Defendants' NOTICE AND PETITION, Plaintiffs having certified and mailed (United States Postal Service, return address, postage prepaid) to Defendants notice on August 31, 2005, and first served Defendants with the initial PETITION AND COMPLAINT on or about August 16, 2004.

Therefore, the date upon which Defendants first received notice in the form of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based is more than thirty (30) days prior to October 25, 2005 and October 26, 2005.

B. Defendants' NOTICE AND PETITION do not assert diversity as a jurisdictional basis for removal and, absent of such assertion, and notwithstanding such lack of assertion, no removal shall lie on that basis,

C. Defendants' NOTICE AND PETITION do not assert factually that the entire matter cannot be properly adjudicated and redressed in the Superior Court at Providence

County, said court being the "state court" and, absent of such assertion, and notwithstanding such lack of assertion, no removal shall lie on that basis,

D. Plaintiffs' AMENDED PETITION AND COMPLAINT concerns essentially and predominantly facts and issues of state law, such state law being state statutory and state common law concerning property tax law for the underlying Petition for Appeal, and tightly related state constitutional and tort claims, as well as federal constitutional claims,

E. Defendants Lefebvre personally and officially, by and through their Attorney Marc DeSisito and the Defendant Town of Barrington, Rhode Island through its Treasurer Dean M. Huff, Jr., now seem to desire to remove only a narrow slice of the AMENDED COMPLAINT portion of Plaintiffs' properly joined and filed AMENDED PETITION AND COMPLAINT to this Honorable Federal District Court,

F. It appears as though Defendants may be seeking ways to delay the proceedings in the Rhode Island Superior Court at Providence County because:

i. Defendants' Answers to Plaintiffs' AMENDED PETITION AND COMPLAINT are due to Plaintiffs on November 7, 2005 in that Superior Court as stipulated by the parties, and

ii. Plaintiffs' Request for Documents in that Superior Court remains due to Plaintiffs as such Request has not been answered by Defendants, and

iii. Defendants Motions to Dismiss were properly denied by the Honorable Superior Court Justice Judith Savage on January 11, 2005, and

iv. Though Defendants' Motion to Amend Defendants' Answer to assert certain

affirmative defenses was granted by the Honorable Superior Court Justice Judith Savage on May 5, 2005, Defendants have not yet signed and filed and certified to Plaintiffs an Amended Answer.

G. Plaintiffs' PETITION and COMPLAINT was AMENDED to accomplish two purposes, one being to add the Town of Barrington, Rhode Island, through its Treasurer, as Defendant, and the other being to label and add averments for the "fraud" and "first amendment" claims that were included, in substance, in the original PETITION AND COMPLAINT,

Defendants' NOTICE AND PETITION are procedurally defective as said NOTICE AND PETITION, having been filed on or about October 25, 2005 AND on or about October 26, 2005, were filed more than 30 days beyond the date at which the PETITION AND COMPLAINT first could have been deemed to may have been removable, and the filing of the amendment by the Plaintiffs did nothing to alter this "first" date,

H. Defendants' NOTICE AND PETITION are procedurally defective as said NOTICE AND PETITION, having been filed on or about October 25, 2005 AND on or about October 26, 2005, lack the required unanimity for removal of the multi-party, multi-claim AMENDED PETITION AND COMPLAINT,

I. Removal to Federal Court by Defendants is improvident in that the Defendants have not shown that the claim(s) which they desire to remove are separate and independent,

J. Removal to Federal Court by Defendants is improvident in that it violates "the principles of economy, convenience, fairness and comity which underlie the pendent

jurisdiction doctrine". (see Rhode Island Civil Practice and Procedure, Michie Law Publishers, c. 1996, section 813, p. 43.), NOW THEREFORE

6. Plaintiffs request and demand that this Honorable Court shall find, demand and remand in accordance with the Court's powers under 28 USC section 1441(c) that Plaintiffs' entire AMENDED PETITION AND COMPLAINT shall remain joined in Rhode Island Superior Court at Providence County,

**-OR-**

IN THE ALTERNATIVE, **IF** this Honorable United States District Court shall, even after consideration of Plaintiffs' objections, find a basis upon which to rest a decision that the AMENDED PETITION AND COMPLAINT shall be removed, that this Court shall, in accordance with its powers under 28 USC section 1441(c), remove to this Honorable Court, the entire AMENDED PETITION AND COMPLAINT, so that Plaintiffs' AMENDED PETITION AND COMPLAINT will not be bifurcated BETWEEN two courts.

BY: 11/10/05 Plaintiff:

Janice F. H. Black
3 Colley Court
Barrington, Rhode Island 02806
Telephone: (401) 245 - 2356

Plaintiff:

John J. Black
3 Colley Court
Barrington, Rhode Island 02806
Telephone: (401) 245 - 2356

**CERTIFICATION:**

I certify that I have caused to be mailed (U.S.P.S., postage prepaid, return address indicated) on this 10th day of November, 2005 a true copy of the within MOTION TO REMAND to:

1) Solicitor Mr. Michael Ursillo
Ursillo, Teitz and Ritch, Ltd.
2 Williams Street,
Providence, RI 02903-2918

and

2) Marc DeSisto, Esquire
DeSisto Law
211 Angell Street
Providence, RI 02906

BY: 11/10/05 Plaintiff:

Janice F. H. Black
3 Colley Court
Barrington, Rhode Island 02806
Telephone: (401) 245 - 2356