**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**JOHN J. BLACK (a.k.a. "JEFF BLACK"),**
**and JANICE F. H. BLACK**
**Petitioners / Plaintiffs**
**v.**
**REBECCA J. LEFEBVRE ,**
**TAX ASSESSOR FOR THE TOWN**
**of BARRINGTON, RHODE ISLAND,**
**OFFICIALLY and PERSONALLY,**
**and THE TOWN OF BARRINGTON,**
**RHODE ISLAND THROUGH ITS**
**TREASURER DEAN M. HUFF, JR.**
**Respondents / Defendants**

**C.A. No. 05-449ML**

**(R.I. Superior Court C.A. No. PC 04-4457)**

**PLAINTIFFS' THIRD REQUEST for PRODUCTION of DOCUMENTS UPON DEFENDANTS**

Plaintiffs do now submit to Defendants, in accordance with Court Rules of Civil Procedure ("Rule") Rule 26 and Rule 34, the following request for documents:

1. All documents to support the valuation and assessment at 12/31/02, 12/31/03 & 12/31/04 of ratable real property located at 3 Colley Court, Barrington, Rhode Island, including the standards applied to each component listed on the property record card (physical depreciation, functional depreciation, etc.) to arrive at the resultant valuation.

2. Resume ("c.v.") for: Tax Assessor, Tax Assessor staff, Town Manager Peter DeAngelis, Robert Battey, John Marks, Louis Codega, and the Assistant Finance Director.

3. Documents to support the 12/31/02 initial valuations (per initial notice and property record card prior to any reductions), and any and all subsequent reductions, for property

located in Barrington owned by the following at 12/31/02:

Sean Daly, Bradford J. Faxon, Jr.; Stephen E. & Caroline Tortolani, Marsha E. Crecelius, Anthony L. DePasquale, Peter Wexler, Richard Gemma, Gary Morse, Michael Sullivan, Michael Cox, C. Claire Flanagan, Matthew Smith, Thomas Finnerty, Alfonso Lubrano, Louis Provenzano, Charles Gladding II, William Anderson, Gavin Hunter, Brian Ott, Hugh Ryan, Karin Dreier, Marie McGlory, John Kirkwood III, David Lea, Jr.; Michael Angelakis, Earle Phillips, Jr.; Bruce Schulbaum, Richard Browning, Andrew Kadak, Mark Pelson, Girard Visconti, Andre Laus, Stephen Perry, Martha Richardson, James Chin, Marie Vargas, David Wilder, Martha Richardson, Stephen Perry, Paul Frias, Paul Vartanian, Richard Kuhn, Maurice Roberts, David Winoker, Colin Harrington, Robert Manchester, Paul Sanford, Janice Hess, Edward Kriete, Jr.; Frohma Anderson, Richard Fields, James J. Skeffington, Atlantic Crossing LLC, Frederick L. DeAngelis, and Marc Zawatsky (personally and d.b.a. Bosworth), Charles Adams, and Robert Henry, and the Rhode Island Country Club.

4. Documents that support all reductions to valuations and/or assessments, for reductions granted during the period 1/1/02 through 12/31/04.

5. Written standards of evidence and burdens of proof for appeals, including appeals to the Tax Assessor, the Contractor, and the Assessment Board of Review, for 2000 - 2005, including those that address the following: requirement that appellant proffer an independent appraisal, requirement that appellant shall offer proof as to the fair market

value of the property.

6. Written standards Tax Assessor applies to determine when and whether she will appear as witness at hearings for 2000 - 2005, as well as to determine for whom she will appear as a witness.

7. Studies conducted to determine land prices for the 12/31/02 valuations, and studies conducted to determine commercial building component costs for the 12/31/02 valuations.

8. Correspondence between the Town and insurer Interlocal regarding training, education, risk reduction, risk management, risk issues, potential risk of loss and/or liability, and corrective action to reduce risk, etc.

9. Minutes of meetings and correspondence (letters, emails, faxes, etc.) that reference valuations, assessments, reductions to same, hearings; related data, statistics, studies, examinations, investigations, etc., Plaintiffs, and/or Plaintiff's property in any way, including but not limited to that to and from Tax Assessor, Town Council (as a body and individually), Board of Assessment Review (as a body and individually), Jerome and/or Appraisal Resources and it employees and agents (as a body and individually), Town Manager Dennis Phelan and Town Manager Peter DeAngelis, Town Treasurer Dean Huff, Town Clerk Lorraine Deroy, the State of Rhode Island and/or any of its Offices and/or Departments and/or current or former employees, agents, chiefs, directors, etc.; Govern Software, Ryan Realty and/or any of its former agents, associates, owners, brokers, etc.;

and any and all other such correspondence to and from any other persons, boards, bodies, companies, firms or corporations; for the period 1/1/02-11/15/05.

10. All documents, including affidavits, submitted to the Department of the Attorney General, in relation to the investigation of the complaints Plaintiffs filed with the Department of the Attorney General dated June 4, 2004, the subsequent lawsuit by the Attorney General, and the resultant Consent Judgment.

11. Records that show the dates on which Jerome representatives trained the Board of Assessment Review as required by the contract for the 12/31/02 revaluation.

12. All minutes of all Executive Sessions of the Town Council from 1/1/02 through present.

13. Documentation of, including reports resultant from, any and all investigations conducted by, or corrective action taken by, the Department of the Attorney General, the Barrington Town Council, the Town of Barrington, the Barrington Tax Assessor, the Barrington Town Manager, Interlocal, the State of Rhode Island, or any other person or body, as a result of the concerns raised by Plaintiffs regarding the 12/31/02 valuations and assessments, and/or as a result of the lawsuit filed by Plaintiffs on 8/16/04, and/or as a result of the complaints filed by Plaintiffs with the Department of the Attorney General.

14. Letters, memos., documentation, policy letters, ordinances, etc. wherein changes in

policy, practice or procedure were communicated to Department Heads during the period 1/1/03 - 11/15/05.

15. Documentation to support 12/31/02 certified valuations for all properties that meet the following criteria: designated qualified ("q") sales that ended up being valued at less than the actual qualified sales price (12/31/02 a.s.r. less than 100%, based on the old actual "q" sale).

16. Documentation to support reductions granted prior to certification of the 12/31/02 valuations, for all properties that meet the following criteria: designated qualified ("q") sales that were, upon certification of the 12/31/02 tax list, valued at less than the actual qualified sales price (12/31/02 a.s.r. less than 100%, based on the old actual "q" sale).

17. Documentation to support reductions granted post certification of the 12/31/02 valuations, for all properties that meet the following criteria: designated qualified ("q") sales that were, upon certification of the 12/31/02 tax list, valued at less than the actual qualified sales price (12/31/02 a.s.r. less than 100%, based on the old actual "q" sale).

18. Documentation to support 12/31/02 certified valuations for all properties that meet the following criteria: designated qualified sales ("q") that were, upon certification, valued at more than the actual qualified sales price (a.s.r. greater than 100%), and had also been assessed further increase(s) during the initial appeal period (2/20/03 through 5/5/03).

19. Documentation to support the valuations of all properties that consisted of

construction in process at 12/31/02.

20. Documentation to support the valuation of substandard lots at 12/31/02.

21. Documentation to support the valuation of merged lots that constitute more than one buildable lot at 12/31/02.

22. Report to show the c.o.d. at 12/31/02 of only residential properties.

23. Report to show the c.o.d. at 12/31/02 of only vacant land.

24. Report to show the c.o.d. at 12/31/02 of only commercial properties.

25. Reports to show the time adjusted a.s.r. ratio studies at 12/31/02, overall and by type of property (residential, commercial, etc.).

26. Reports that show "sales chasing" at 12/31/02.

27. Report to show fair market value or "level of assessment" that was accomplished at 12/31/02, overall and by type of property (residential, commercial, etc.).

Plaintiffs request that Defendants shall photocopy responsive documents for Plaintiffs, and mail them to Plaintiffs, and that Plaintiffs shall remit payment or prepay the cost of copying the documents and postage.

BY: Plaintiffs

Janice F. H. Black, pro se

John J. Black, pro se
3 Colley Court
Barrington, Rhode Island 02806
Telephone: (401) 245 - 2356

**CERTIFICATION:**

I certify that I have caused to be mailed (U.S.P.S., postage prepaid, return address indicated) on this 13TH day of December, 2005 a true copy of the within to:

1) Solicitor Mr. Michael Ursillo
Ursillo, Teitz and Ritch, Ltd.
2 Williams Street,
Providence, RI 02903-2918

and

2) Marc DeSisto, Esquire
DeSisto Law
211 Angell Street
Providence, RI 02906

BY: Plaintiff:

Janice F. H. Black
3 Colley Court
Barrington, Rhode Island 02806
Telephone: (401) 245 - 2356

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JOHN J. BLACK (a.k.a. "Jeff Black"), et al,
*Plaintiffs,*

vs. No. 05-449ML

REBECCA J. LEFEBVRE, et al.,
*Defendants.*

**DEFENDANTS' RESPONSE TO THE PLAINTIFFS' THIRD REQUEST FOR PRODUCTION OF DOCUMENTS TO PRESERVE THEIR OBJECTIONS**

Defendants respond to the plaintiffs' third request for production of documents to preserve objections as follows:

3. Documents to support the 12/31/02 initial valuations (per initial notice and property record card prior to any reductions), and any and all subsequent reductions, for property located in Barrington owned by the following at 12/31/02:

Sean Daly, Bradford J. Faxon, Jr.; Stephen E. & Caroline Tortolani, Marsha E. Crecelius, Anthony L. DePasquale, Peter Wexler, Richard Gemma, Gary Morse, Michael Sullivan, Michael Cox, C. Claire Flanagan, Matthew Smith, Thomas Finnerty, Alfonso Lubrano, Louis Provenzano, Charles Gladding II, William Anderson, Gavin Hunter, Brian Ott, Hugh Ryan, Karin Dreier, Marie McGlory, John Kirkwood III, David Lea, Jr.; Michael Angelakis, Earle Phillips, Jr., Bruce Schulbaum, Richard Browning, Andrew Kadak, Mark Pelson, Girard Visconti, Andre Laus, Stephen Perry, Martha Richardson, James Chin, Marie Vargas, David Wilder, Martha Richardson, Stephen Perry, Paul Frias, Paul Vartanian, Richard Kuhn, Maurice Roberts, David Winoker, Colin Harrington, Robert Manchester, Paul Sanford, Janice Hess, Edward Kriete, Jr., Frohma Anderson, Richard Fields, James J. Skeffington, Atlantic Crossing LLC, Frederick L. DeAngelis, and Marc Zawatsky (personally and d.b.a. Bosworth), Charles Adams, and Robert Henry, and the Rhode Island Country Club.

**Response:** Objection, this request is overbroad and burdensome.

4. Documents that support all reductions to valuations and/or assessments, for reductions granted during the period 1/1/02 through 12/31/04.

**Response:** Objection, this request is overbroad and burdensome.

8. Correspondence between the Town and insurer Interlocal regarding training, education, risk reduction, risk management, risk issues, potential risk of loss and/or liability, and corrective action to reduce risk, etc.

**Response:** Objection, insofar as this request seeks documents that do not pertain to the Tax Assessor or the matters at issue in the complaint. For instance, defendants object to having to provide documents concerning training, education, and risk management for the Public Works Department or the Police Department.

9. Minutes of meetings and correspondence (letters, emails, faxes, etc.) that reference valuations, assessments, reductions to same, hearings; related data, statistics, studies, examinations, investigations, etc., Plaintiffs, and/or Plaintiff's property in any way, including but not limited to that to and from Tax Assessor, Town Council (as a body and individually), Board of Assessment Review (as a body and individually), Jerome and/or Appraisal Resources and its employees and agents (as a body and individually), Town Manager Dennis Phelan and Town Manager Peter DeAngelis, Town Treasurer Dean Huff, Town Clerk Lorraine Deroy, the State of Rhode Island and/or any of its Offices and/or Departments and/or current or former employees, agents, chiefs, directors, etc.; Govern Software, Ryan Realty and/or any of its former agents, associates, owners, brokers, etc.; and any and all other such correspondence to and from any other persons, boards, bodies, companies, firms or corporations; for the period 1/1/02-11/15/05.

**Response:** Objection, this request is too vague, overbroad and burdensome.

12. All minutes of all Executive Sessions of the Town Council from 1/1/02 through present.

**Response:** Objection, minutes of the executive sessions are privileged documents and in any event this request is too broad.

13. Documentation of, including reports resultant from, any and all investigations conducted by, or corrective action taken by, the Department of the Attorney General, the Barrington Town Council, the Town of Barrington, the Barrington Tax Assessor, the Barrington Town Manager, Interlocal, the State of Rhode Island, or any other person or body, as a result of the concerns raised by Plaintiffs regarding the 12/31/02 valuations and assessments, and/or as a result of the lawsuit filed by Plaintiffs on 8/16/04, and/or as a result of the complaints filed by Plaintiffs with the Department of Attorney General.

**Response:** Objection, insofar as this request seeks any information that falls within the attorney/client privilege or work product.

14. Letters, memos, documentation, policy letters, ordinances, etc. wherein changes in policy, practice or procedure were communicated to Department Heads during the period 1/1/03-11/15/05.

**Response:** Objection, since this request is not limited to the Tax Assessor or the matters set forth in the complaint it is too broad. For instance, letters, memos, documentation for changes in the policy practice and procedure of the Police Department are not relevant and would be too burdensome to produce.

15. Documentation to support 12/31/02 certified valuations for all properties that meet the following criteria: designated qualified ("q") sales that ended up being valued at less than the actual qualified sales price (12/31/02 a.s.r. less that 100% based on the old actual "q" sale).

**Response:** Objection, this request is over broad and too burdensome.

16. Documentation to support reductions granted prior to certification of the 12/31/02 valuations, for all properties that meet the following criteria: designated qualified ("q") sales that were, upon certification of the 12/31/02 tax list, valued at less than the actual qualified sales price (12/31/02 a.s.r. less than 100% based on the old actual "q" sale).

**Response:** Objection, this request is over broad and too burdensome.

17. Documentation to support reductions granted post certification of the 12/31/02 valuations, for all properties that meet the following criteria: designated qualified ("q") sales that were, upon certification of the 12/31/02 tax list, valued at less than the actual qualified sales price (12/31/02 a.s.r. less than 100% based on the old actual "q" sale).

**Response:** Objection, this request is over broad and too burdensome.

18. Documentation to support 12/31/02 valuations for all properties that meet the following criteria: designated qualified sales ("q") that were, upon certification, valued at more than the actual qualified sales price (a.s.r. greater than 100%), and had also been assessed further increase(s) during the initial appeal period (2/20/03 through 5/5/03).

**Response:** Objection, this request is overbroad and too burdensome.

19. Documentation to support the valuations of all properties that consisted of construction in process at 12/31/02.

**Response:** Objection, this request is overbroad and too burdensome.

20. Documentation to support the valuation of substandard lots at 12/31/02.

**Response:** Objection, this request is too vague, overbroad and burdensome.

21. Documentation to support the valuation of merged lots that constitute more than one buildable lot at 12/31/02.

**Response:** Objection, this request is overbroad and too burdensome.

26. Reports that show "sales chasing" at 12/31/02.

**Response:** Objection, defendants do not understand this request.

27. Report to show fair market value or "level of assessment" that was accomplished at 12/31/02, overall and by type of property (residential, commercial, etc.).

**Response:** Objection, defendants do not understand this request.

Defendants,
By their attorneys,

Marc DeSisto, Esq. # 2757
Michael A. DeSisto, Esq. (#2444)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906
(401) 272-4442
(401) 272-9937 fax

**CERTIFICATION OF SERVICE**

I hereby certify that a true and accurate copy of the within was mailed on this 22nd day of December, 2005 to:

John J. and Janice F.H. Black
3 Colley Court
Barrington, RI 02806

Michael A. Ursillo #2676
URSILLO, TEITZ & RITCH, LTD.
2 Williams Street
Providence, RI 02903
(401) 331-2222

Laura Soza