**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **JOHN J. BLACK (a.k.a. "JEFF BLACK"), and JANICE F. H. BLACK** Petitioners / Plaintiffs v. **REBECCA J. LEFEBVRE, TAX ASSESSOR FOR THE TOWN of BARRINGTON, RHODE ISLAND, OFFICIALLY and PERSONALLY, and THE TOWN OF BARRINGTON, RHODE ISLAND THROUGH ITS TREASURER DEAN M. HUFF, JR.** Respondents / Defendants | **C.A. No. 05-449ML** |

**PLAINTIFFS' REPLY TO DEFENDANTS' OBJECTION**

**REGARDING DEFENDANTS' RULE 26(a)(1) DISCLOSURES TO PLAINTIFFS**

Plaintiffs do now demand that Defendants shall make disclosures to Plaintiffs in accordance with Rule 26(a)(1) of the Rules of Civil Procedure, AND as per Plaintiffs' Memorandum of Law, attached.

1/20/06
BY: Plaintiffs

Janice F. H. Black, pro se

John J. Black, pro se
3 Colley Court
Barrington, Rhode Island 02806
Telephone: (401) 245 - 2356

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **JOHN J. BLACK (a.k.a. "JEFF BLACK"), and JANICE F. H. BLACK**<br>**Petitioners / Plaintiffs**<br>**v.**<br>**REBECCA J. LEFEBVRE, TAX ASSESSOR FOR THE TOWN of BARRINGTON, RHODE ISLAND, OFFICIALLY and PERSONALLY, and THE TOWN OF BARRINGTON, RHODE ISLAND THROUGH ITS TREASURER DEAN M. HUFF, JR.**<br>**Respondents / Defendants** | **C.A. No. 05-449ML** |

**PLAINTIFFS' MEMORANDUM OF LAW RE:**

**PLAINTIFFS' REPLY TO DEFENDANTS' OBJECTION**

**REGARDING DEFENDANTS' RULE 26(a)(1) DISCLOSURES TO PLAINTIFFS**

On December 12, 2005 (and not on December 12, 2006 as Defense states), the Pretrial Conference at the U. S. District Court before Justice Martin resulted in a Pretrial Order. Said order, sets and declares the dates by which the parties shall make disclosure of **experts** under Rule 26(a)(2). The Pretrial Order does not declare that the "Required Disclosures" under Rule 26(a)(1) shall not be required. Rule 26(a)(1) disclosure responsibilities and requirements begin prior to and independently of the Pretrial Order. Prior to the Pretrial Conference at the court, the defense asked Plaintiff Mrs. Black to stipulate that the defense would not be required to make 26(a)(1) disclosures to Plaintiffs. Plaintiff Mrs. Black stated that the Plaintiffs would not stipulate to waive these disclosures. Plaintiffs did not stipulate that the required disclosures shall not be made.

Plaintiffs are preparing and will make the balance of Plaintiffs' 26(a)(1) disclosures to the defense along with Plaintiffs' 26(a)(2) expert disclosures, and Plaintiffs did disclose much of the information to the defense on September 23, 2005.

The defense has not made 26(a)(1) disclosures to Plaintiffs as required. Plaintiffs do not waive their right to such disclosures. The burden is on the defense to make these disclosures to Plaintiffs. The burden does not rest with the Department of the Attorney General, nor can the required disclosures be said to have been made during the hearings at which Defendants were violating Plaintiffs' constitutional rights. Per, Rule 26(a)(1), the burden for these required disclosures rests with the "parties", and not with others.

WHEREAS Defendants' Rule 26(a)(1) disclosures have not yet been made to Plaintiffs by the Defense as "parties" , and

WHEREAS such disclosures are required and are the responsibility of the defense to now make, then

NOW COME PLAINTIFFS to demand that defendants shall make such disclosures.

1/20/06

BY: Plaintiffs

Janice F. H. Black, pro se

John J. Black, pro se
3 Colley Court
Barrington, Rhode Island 02806
Telephone: (401) 245 - 2356

(d) PUBLIC OFFICERS; DEATH OR SEPARATION FROM OFFICE.

(1) When a public officer is a party to an action in his official capacity and during its pendency dies, resigns, or otherwise ceases to hold office, the action does not abate and the officer's successor is automatically substituted as a party. Proceedings following the substitution shall be in the name of the substituted party, but any misnomer not affecting the substantial rights of the parties shall be disregarded. An order of substitution may be entered at any time, but the omission to enter such an order shall not affect the substitution.

(2) A public officer who sues or is sued in an official capacity may be described as a party by the officer's official title rather than by name; but the court may require the officer's name to be added.

(As amended Dec. 29, 1948, eff. Oct. 20, 1949; Apr. 17, 1961, eff. July 19, 1961; Jan. 21, 1963, eff. July 1, 1963; Mar. 2, 1987, eff. Aug. 1, 1987.)

## V. DEPOSITIONS AND DISCOVERY

### Rule 26. General Provisions Governing Discovery; Duty of Disclosure

(a) REQUIRED DISCLOSURES; METHODS TO DISCOVER ADDITIONAL MATTER.

(1) *Initial Disclosures.* Except in categories of proceedings specified in Rule 26(a)(1)(E), or to the extent otherwise stipulated or directed by order, a party must, without awaiting a discovery request, provide to other parties:

(A) the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information;

(B) a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment;

(C) a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and

(D) for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

(E) The following categories of proceedings are exempt from initial disclosure under Rule 26(a)(1):

(i) an action for review on an administrative record;

(ii) a petition for habeas corpus or other proceeding to challenge a criminal conviction or sentence;

P.3 of 4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JOHN BLACK, ET AL

V. CA NO. 05- 449ML

REBECCA LEFEBVRE, ET AL

PRETRIAL ORDER

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, it is ordered that all discovery will be closed by 6-30-06. Plaintiff shall make its expert witness disclosures as required by F.R.Civ.P. 26(a)(2) by 2-15-06.
Defendant shall make its expert witness disclosures as required by F.R.Civ.P. 26(a)(2) by 3-31-06. Dispostive motions shall be filed by 8-15-06.

Counsel shall present, thirty (30) days after a decision on any dispositive motion, or, if no dispositive motions are filed, by 10-1-06 a typewritten memorandum which shall contain the following information:

1. (a) Plaintiff will set forth what is expected to be proven in support of the claim, indicating each witness to testify with a brief summary of his/her testimony and a statement as to whether that witness will testify as an expert.

1. (b) Defendant will set forth what is expected to be proven in defense, indicating each witness to testify with a brief summary of his/her testimony and a statement as to whether that witness will testify as an expert.

2. A memorandum of supporting law with citations of authorities. This is to include all the law applicable to the case with emphasis on special legal issues. All pertinent citations will be fully briefed.

3. A list of all exhibits intended to be offered at the trial with statements of the purpose for which the exhibit is offered. All said exhibits will be pre-marked by the plaintiff in numerical order and by defendant in alphabetical order.

P. 4 of 4

14

**CERTIFICATION:**

I certify that I have caused to be mailed (U.S.P.S., postage prepaid, return address indicated) on this 20th day of January, 2006 a true copy of the within to:

1) Solicitor Mr. Michael Ursillo
Ursillo, Teitz and Ritch, Ltd.
2 Williams Street,
Providence, RI 02903-2918

and

2) Marc DeSisto, Esquire
DeSisto Law
211 Angell Street, P.O. Box 2563
Providence, RI 02906

3) Michael A. DeSisto, Esquire
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906

BY: 1/20/06 Plaintiff:

Janice F. H. Black
3 Colley Court
Barrington, Rhode Island 02806
Telephone: (401) 245 - 2356