# Exhibit 1

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**JOHN J. BLACK (a.k.a. "JEFF BLACK"),**
**and JANICE F. H. BLACK**
**Petitioners / Plaintiffs**

**C.A. No. 05-449ML**

**v.**

**REBECCA J. LEFEBVRE ,**
**TAX ASSESSOR FOR THE TOWN**
**of BARRINGTON, RHODE ISLAND,**
**OFFICIALLY and PERSONALLY,**
**and THE TOWN OF BARRINGTON,**
**RHODE ISLAND THROUGH ITS**
**TREASURER DEAN M. HUFF, JR.**
**Respondents / Defendants**

**PLAINTIFFS' NOTICE AND OBJECTIONS TO DEFENDANTS RE:**

**I. Notice of Deficiencies of Defendants' Response to Plaintiffs' First Request for Production of Documents, and**

**II. Notice That Plaintiffs Deny Defendants' Averments & General Caution, and**

**III. Objection and Notice That Plaintiffs' Demand that Defendants Shall Conform to Their Answer**

## I. Notice of Deficiencies of Defendants' Response to Plaintiffs' First Request for Production of Documents

I. Plaintiffs do now give notice to Defendants that Defendants' response to Plaintiffs First Request for Production of Documents is insufficient. Said response ("packet") having been received by Plaintiffs on January 11, 2006. Defendants response is deficient for the following reasons:

1. The response refers to a document that does not appear to have been provided to Plaintiffs, such as the data collection card. It is possible that the data collection card is also known by another name and, as such, is included. Please provide the data collection card and/or, if applicable, another name by which it is known.

2. The field card that Defendants represent is the card that was signed by Plaintiff Mrs.

Black, has been included in the packet twice, and was provided to Plaintiffs for the first time in January 2005, yet this card does not accurately represent that which Plaintiff Mrs. Black signed. Please provide a copy of the record card that was actually signed by Plaintiff Mrs. Black as in the condition it was in when Plaintiff Mrs. Black actually signed the card. For example, the sketch that appears on the field card did not appear on any record signed by Plaintiff Mrs. Black, as that sketch and was added to the field card at a later date.

3. The copy of the appeal form for the initial appeal to Mr. Battey is photocopied in two pieces. As such, it appears to be missing some of the data that may have been contained in between the two pieces provided to Plaintiffs, or be missing from another source. Please provide a copy of the entire appeal form to Plaintiffs.

4. Plaintiffs have requested documents that Defendants have not provided. Defendants have made general objection that the request is a "catch all" and "vague". Please provide all responsive documents, or state with specificity why each document cannot be provided.

5. The verbiage provided by the Defendant Tax Assessor is vague and circular and non specific as to time, date, supporting documents, nouns, etc. Please provide more specific descriptive statements and a time line so that Plaintiffs can decipher the meaning of Defendant Tax Assessor's statements. And, there are inaccuracies that must be corrected. For example, one question is answered backwards by Defendant, as though the change reduced Plaintiffs' valuation, yet the item increased the valuation. Also, statements about the town-wide revaluation are vague and may draw the reader to make inaccurate conclusions. Defendants use terms such as "we" and "you". Plaintiffs aver that they are not responsible for the town-wide revaluation. Defendants use terms such as "picked up", where much more factually descriptive terms are now required. Defendants refer to Mr. Mark's visit without stating a date(s). Plaintiffs cannot tell which visit Defendants are referring to. Please provide specific dates of all visits to the subject property.

Please revise the statements to clearly state the facts. For example, please state the actual percentage of full and fair value achieved, rather than a statement of what state law requires.

6. Please be aware that the packet received by Plaintiffs raises many questions that need to be resolved at deposition, and through the meeting, and the site visit recently requested by the Assessor as necessary to ensure that Plaintiffs valuation is corrected.

7. Plaintiffs' property record card remains incorrect, the valuation being too high due to specific errors on Plaintiffs' property record, and due to disproportionate tax burdens upon Plaintiffs that have not been corrected by Defendants.

8. When Mr. Marks and the Assessor came to Plaintiffs house to make increases to the

valuation (PRIV), that visit, while not secret to some Defendants, was kept secret from Plaintiffs until late 2003, when Defendant boasted to Plaintiff Mr. Black that the idea to increase the garage was her idea. Given the large number of discrepancies the Assessor says she discovered after the initial appeal, and that the valuation was to be increased, rather than decreased, why was no appointment made with Plaintiffs to thoroughly reinspect the property inside and out, and to remeasure? Changes were made to measurements and the valuation of elements inside the house without Defendants having come back in to verify.

**II. Notice That Plaintiffs Deny Defendants' Averments & General Caution:**

Information Request A:
1. a.. Plaintiffs deny that the Field Record Card enclosed accurately represents that which Plaintiff Mrs. Black actually signed. Plaintiffs demand a copy of an accurate representation of the document Plaintiff Mrs. Black signed in the condition in which it was in when she signed it. Plaintiffs think that the document has been changed by Defendants subsequent to Plaintiff having signed it, and that Defendants cannot produce the requested document. Further see p.7, 1(b), and 1(e)(ii), and the representation on the previous Property Record Card. Defendant admits changes having been made to the Field Record Card subsequent to Mr. Marks Spring 2002 inspection visit to the subject property. The support for these changes is not on the Field Record Card to which Defendant refers, as that card indicates that there was no need for a change to the old original sketch.

Information Request A:
1. b. Plaintiffs deny that Defendants have provided a complete and accurate response to this request. Plaintiffs request all the items listed. Defendants response is in regard to any remarks on a Field Record Card. Defendants' answer is evasive and non-responsive. Plaintiffs are not requesting just "any" remarks, Plaintiffs are requesting all supporting documentation. Further see p.7, 1(b), and 1(e)(ii), and the representation on the previous Property Record Card. Defendant admits changes having been made to the Field Record Card subsequent to Mr. Marks Spring 2002 inspection visit to the subject property. The support for these changes is not on the Field Record Card to which Defendant refers, as that card indicates that there was no need for a change to the old original sketch.

Information Request B:
2. a. Plaintiffs deny that the same Field Record Card can logically or factually be the supporting documentation for both the Initial Valuation of $444,000. and the PRIV of $457,700. Plaintiffs deny that this Field Record Card is the totality of the supporting documentation requested. Plaintiffs demand that Defendants shall provide the supporting documentation requested.
a.1-8: Please write the standards down and give them to Plaintiffs.

a 9 : Plaintiffs understand Defendants' answer to be that there are no supporting full and fair market value pricing studies, but that Defendant arrived at 12/31/02 value by doubling the old values.
a 10-14: Plaintiffs deny that Plaintiffs worked for Defendants as Defendants allege. Defendants' answer is non-responsive.
a15: Plaintiffs aver that the enclosed is not a complete Assessor's Manual, but is tables.
a16: Plaintiffs deny that Defendant Tax Assessor has the requisite expertise and experience as would be required to conduct a revaluation in the manner described, with no written standards, and Plaintiffs aver that, to the extent that Defendant Assessor avers that she did, in fact, conduct the 12/31/02 revaluation in the manner Defendant describes, that resultant valuation is prima facie illegal.
a17: Plaintiffs aver that Defendant Assessor's statement of the law is not a complete statement of the governing law. Plaintiff aver that Defendant's statements are not responsive to the request. Plaintiffs deny that the revaluation was conducted in accordance with applicable law. Defendant's statements do not address the percentage of full and fair value actually achieved, and Plaintiffs require that Defendant shall so state the percentage actually achieved.

Information Request C:
1. a. i Plaintiffs aver that Mr. Battey typically would make a recommendation to the Assessor, and Plaintiffs deny Defendant's averment that, in Plaintiffs' initial appeal, no such recommendation was made.
a. ii. Plaintiffs aver that the on-site inspection by Mr. Marks was in the Spring of 2002, and that Defendants answer is nonresponsive as to why no appointment was made with Plaintiffs to reinspect and remeasure Plaintiffs' property contemporaneously with the determination of the PRIV. Plaintiffs deny that any visit by Mr. Mark provided adequate documentation to support the representations contained in PRIV, as the representations contained in the PRIV remain inaccurate, too high, and factually and legally insupportable.
a .iii. Plaintiffs deny that the "appeal form made out by Mr. Battey" is "enclosed", as Defendant alleges. It appears that the copy enclosed is not a complete and accurate representation of the appeal form in question.
a. iv. Plaintiffs aver that there was and is a PRIV notice and that Defendants have twice admitted such notice in Superior Court, and Plaintiffs demand that Defendant shall now conform to and remain inside her Answer in that regard. Plaintiffs deny that Defendants' answer is a full, true, compete and accurate response to this item.
a. iv. Plaintiffs aver that there was and is a PRIV notice and that Defendants have twice admitted such notice in Superior Court, and Plaintiffs demand that Defendant shall now conform to and remain inside her Answer in that regard. Plaintiffs deny that the remainder of Defendants' answer is a full, true, compete and accurate response to this item. Plaintiffs aver that Defendant did, in fact, search for increases and deny legitimate decreases. Plaintiffs aver that Defendants did search for and implement increases. Plaintiffs demand to know to whom Defendant refers when she says "we".

Information Request D:

1. a. Plaintiffs deny Defendants' representations in regard to the first two sentences provided by Defendant as a response here. Plaintiffs aver that, prior to entry of the data into the computer, threshold determinations were made, with or without proper application of standards, and that the "rationale behind it" was to harm Plaintiffs. Plaintiffs deny that the "rationale behind it" was as Defendant avers. Plaintiffs object to the lack of specific identification as to who did what, how and when. Plaintiffs do now demand specific identification, especially since this was in relation to the time during which Mr. Gillooly was "following" the matter through Defendants' office (see transcript 5/10/04).

b. Plaintiffs demand to know to whom Defendant refers when she says "we". Plaintiffs deny that this explanation provided by Defendant is the whole truth. Plaintiffs aver that Defendants' explanation here does not comport with other information provided by Defendants herein or otherwise. Further see p.7, 1(b), and 1(e)(ii), and the representation on the previous Property Record Card. Defendant admits changes having been made to the Field Record Card subsequent to Mr. Marks Spring 2002 inspection visit to the subject property. The support for these changes is not on the Field Record Card to which Defendant refers, as that card indicates that there was no need for a change to the old original sketch.

c. Plaintiffs demand to know to whom Defendant refers when she says "it was decided". Plaintiffs aver that there was a secret visit, and that the secret visit is the one described by Defendant in this response. Plaintiffs aver that Defendants intentionally kept this important visit secret from Plaintiffs, and while the visit may not have been secret to Defendants, it was secret from Plaintiff property owners. Plaintiffs deny Defendants' allegation that the garage was changed to "detached" to conform to "consistency". Plaintiffs proved at hearing that garage was punitively changed to nonconformity and in violation of the standard that had been applied to most other similarly situated garages in town. It is notable that Defendant does not mention the word "standard", nor does Defendant state the secret standard in her head that is not written down. Nor did Defendant defend her determination that the garage was "detached" when the time was ripe for her to do so at Plaintiffs' hearing before the Board of Assessment Review. At hearing, Defendant observed Plaintiffs prove to the Board's satisfaction that that item of the PRIV violated the standards applied town-wide. Plaintiffs aver that there was at least one secret visit to Plaintiffs property, and that one of those visits is described by Defendants in this response. Plaintiffs aver that Defendants intentionally kept this important visit(s) secret from Plaintiffs, and while the visit(s) were not secret to complicit Defendants, they were secret from Plaintiff property owners. Plaintiffs aver that other appellants were afforded return site visits upon appeal, and that Defendants should have made an appointment with Plaintiffs in a similar manner, and that Defendants did not do so because they intended that Plaintiffs would first learn the results of the secret visit(s) through the PRIV Notice when it arrived in the mail.

d. Plaintiffs deny that the changes were made for the reason stated by Defendant, and Plaintiffs aver that Defendants have not responded to this item with the whole truth.
e. i. Defendant admits that she violates Plaintiffs' procedural and substantive due process rights and that she harmed Plaintiffs. Plaintiffs aver that this hearing took place in Defendant's office and hallway attached and open to the office, and that Defendant was accessing her files and computer during the hearing, but at hearing refused to provide the requested information to Plaintiffs. Defendants intentionally harmed Plaintiffs.
e.ii. Defendant admits that she violates Plaintiffs' procedural and substantive due process rights and that she harmed Plaintiffs. Plaintiffs aver that this hearing took place in Defendant's office and hallway attached and open to the office, and that Defendant was accessing her files and computer during the hearing, but refused to provide the requested information in a manner as to be meaningful and timely to Plaintiffs. Plaintiffs deny that an angled space cannot be drawn and represented on the Property Record Card. Plaintiffs aver that at hearing Plaintiffs asked for a sketch and that it was not provided until January 2005. Plaintiffs demand to know to whom Defendant refers when she says "we". Plaintiffs aver that the old property record card showed a representation of angled space, and that the PRIV record card could have as well. Plaintiffs aver that, had Defendant been a qualified tax assessor, she could have hand drawn the angled space at the hearing. Plaintiffs asked for such a sketch at hearing. Plaintiffs aver that Defendant Assessor intentionally withheld the drawing from Plaintiffs at hearing to harm Plaintiffs, and because Plaintiff Mrs. Black would have testified that the Field Record Card that contains the sketch had been changed subsequent to Mr. Marks inspection visit in the Spring 2002. Plaintiffs aver that Defendants' malicious intent is evident.

f.1., 2 Defendants' answer is non responsive to the facts of Plaintiffs' increased PRIV. Plaintiffs deny that a decrease, as described herein by Defendants, was effectuated in Plaintiffs' PRIV.
f.3. Plaintiffs deny that Defendant's answer is responsive to the question. Plaintiffs demand specific facts such as a date.
f.4. Plaintiffs demand to know to whom Defendant refers when she says "we". Plaintiffs demand to exactly know where and when the "we" Defendant refers to found the information. Plaintiffs aver that the Field Record Card proffered by Defendants cannot form the basis for both the initial valuation and the PRIV.
f.5. Plaintiffs aver that there was at least one secret visit to Plaintiffs property, and that the one of those visits is described by Defendants in this response. Plaintiffs aver that Defendants intentionally kept this important visit(s) secret from Plaintiffs, and while the visit(s) were not secret to complicit Defendants, they were secret from Plaintiff property owners. Plaintiffs demand an answer that contains the whole truth and identifies specific facts and terminology that makes clear dates, sources, etc. Plaintiffs aver that the terms "picked up" and the "when Mr. Marks inspected the home" do not conform to the requirements of an answer that sets forth the whole truth.

f.6. Plaintiffs aver that Defendants' response does not set forth the whole truth in response to this question. Plaintiffs aver that Defendants' answer cannot be the whole truth because it does not comport with other of Defendants' statements, nor does it comport with documentation provided. Plaintiffs do now demand that Defendants shall answer with the whole truth in definitive factual statements.
g. Plaintiffs deny that the extent of the space limitations caused by sloped roof line of Plaintiffs' house is accounted for in the house style pricing table. Plaintiffs aver that a qualified Assessor would understand that the standard to be applied is different than that expressed here by Defendant. Defendants' answer is non responsive to the questions and issues contained in this item.
h. Plaintiffs deny that Defendants have the requisite training and experience to constitute Assessors qualified to conduct a town-wide revaluation, statistical or otherwise, utilizing the methods described herein. Plaintiffs deny that Defendants have the requisite training and experience to constitute Assessors qualified to conduct a town-wide revaluation, statistical or otherwise, utilizing unwritten standards. Plaintiffs deny that Defendants have the requisite training and experience to constitute Assessors qualified to conduct a town-wide revaluation, statistical or otherwise.
Plaintiffs aver that a qualified assessor would know that an accurate valuation requires both inspection and measurement inside as well as outside. Plaintiffs agree with Defendants' admission that "The assessor does not measure each room inside the home" to the extent that it admits that the Defendant Assessor neglected to do so at Plaintiffs' home. Plaintiffs aver that the nature of Plaintiffs property requires both inspection and measurement inside as well as outside for proper valuation, and that this was not done in arriving at the PRIV. Plaintiffs aver that the Defendant Tax Assessor is not qualified to be the Tax Assessor of the Town of Barrington and that she was not qualified as she conducted the 12/31/02 valuation. Plaintiffs demand that Defendants shall now immediately remit to Plaintiffs a copy of Defendant Tax Assessor's resume as at 12/31/02 and current. Plaintiffs aver that they have less than full wall height in all rooms on the second story of their home and that Defendants refuse to reduce Plaintiffs' valuation to properly reflect this. Plaintiffs aver that they have less than full wall height in all rooms on the second story of their home and that professional standards of appraisal require that the valuation be adjusted to properly reflect this. Plaintiffs aver that Defendants did not apply proper standards to arrive at the valuation of Plaintiffs' property, and that, if proper standards had been applied the valuation would be lower.
i. Plaintiffs deny that Defendants have the requisite training and experience to constitute Assessors qualified to conduct a town-wide revaluation, statistical or otherwise. Plaintiffs deny that Defendants have properly stated the standard for a "TOPO" adjustment. Plaintiffs aver that Defendants do not know the proper standard for a "TOPO" adjustment, and have misapplied the "TOPO" tables in an arbitrary and capricious manner, and that Plaintiffs have been harmed by this.

j ,k, &l: Plaintiffs deny that the answer provided by Defendants is the whole truth.

Plaintiffs deny that the answer provided by Defendants is complete and responsive. Plaintiffs demand that Defendants shall answer with the whole truth and provide specific facts, dates, and references. Plaintiffs deny that "this was listed" when Mr. Marks inspected Plaintiffs' home in the Spring 2002. Plaintiffs believe that Defendants are being non specific with dates in order to mislead the reader. Further see p.7, 1(b), and 1(e)(ii), and the representation on the previous Property Record Card. Defendant admits changes having been made to the Field Record Card subsequent to Mr. Marks Spring 2002 inspection visit to the subject property. The support for these changes is not on the Field Record Card to which Defendant refers, as that card indicates that there was no need for a change to the old original sketch. The sketch that appears on the Field Record Card was not on that card when Mr. Marks inspected the property in the Spring 2002, but was added at a later date.

Information Request E: Plaintiffs aver that a response is required. Plaintiffs aver that Defendants shall answer as to why the requested witness were not identified and presented at Plaintiffs' hearings. Plaintiffs do now demand that Defendants shall answer the item fully and truthfully. Plaintiffs aver that others were involved in determining the valuation and assessment of Plaintiffs property, and that Defendants have not disclosed the identity nor the full and true nature of such involvement.

Information Request F: Plaintiffs aver that Defendants' files appear to be incomplete. Plaintiffs aver that the enclosed is not the full calculations for "before and after assessments". Plaintiffs demand that Defendants shall provide the full and specific calculations for each item, and not just a "before and after" resultant number among other items on the Property Record Card.

Information Request G: Plaintiffs aver that, regardless of whether this item can be labeled a "catch all", it is not too vague for Defendants to answer. Plaintiffs aver that such answer is a required disclosure under Rule 26(a)(1), and Plaintiffs do now demand that Defendants shall provide a full, complete, and truthful response. Plaintiffs aver that this item is no more nor less a "catch all" than the discovery requests that Plaintiffs answered to Defendants last summer and on September 23, 2005 with 1329 pages of Responsive Documents.

**Notice and General Caution**

Plaintiffs do now caution Defendants to act in good faith and provide the whole truth and facts with specificity. To the extent that Defendants are now answering with less than the whole truth, Plaintiffs caution Defendants that this shall only serve to waste the time of the Parties and the Court. Plaintiffs demand that Defendants provide the whole truth, and not an exercise in the abstract as has been provided.

**III. Objection and Notice That Plaintiffs' Demand that Defendants Shall Conform to Their Answer**

To the extent that Defendant Tax Assessor now denies the PRIV, Plaintiffs demand that Defendant shall conform to the Answer and Motion to Amend the Answer that Defendant made and filed to the Superior Court, wherein Defendant admits the PRIV.

1/13/06
BY: Plaintiffs

Janice F. H. Black, pro se

John J. Black, pro se
3 Colley Court
Barrington, Rhode Island 02806
Telephone: (401) 245 - 2356

**CERTIFICATION:**

I certify that I have caused to be mailed (U.S.P.S., postage prepaid, return address indicated) on this 13th day of January, 2006 a true copy of the within to:

1) Solicitor Mr. Michael Ursillo
Ursillo, Teitz and Ritch, Ltd.
2 Williams Street,
Providence, RI 02903-2918

and

2) Marc DeSisto, Esquire
DeSisto Law
211 Angell Street, P.O. Box 2563
Providence, RI 02906-2563

BY: Plaintiff:

Janice F. H. Black
3 Colley Court
Barrington, Rhode Island 02806
Telephone: (401) 245 - 2356

**CERTIFICATION:**

I certify that I have caused to be mailed (U.S.P.S., postage prepaid, return address indicated) on this 20th day of January, 2006 a true copy of the within to:

1) Solicitor Mr. Michael Ursillo
Ursillo, Teitz and Ritch, Ltd.
2 Williams Street,
Providence, RI 02903-2918

and

2) Marc DeSisto, Esquire
DeSisto Law
211 Angell Street, P.O. Box 2563
Providence, RI 02906

3) Michael A. DeSisto, Esquire
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906

BY: 1/20/06 Plaintiff:

Janice F. H. Black
3 Colley Court
Barrington, Rhode Island 02806
Telephone: (401) 245 - 2356