# Exhibit 3

Janice Black
John Black
3 Colley Court
Barrington, Rhode Island 02806

December 23, 2005

Marc DeSisto
DeSisto Law
211 Angell Street
Providence, Rhode Island 02906

Solicitor Mr. Michael Ursillo
Ursillo, Teitz and Ritch, Ltd.
2 Williams Street
Providence, Rhode Island 02903

Gentlemen:

We are in receipt of Mr. DeSisto's letter and objections dated December 22, 2005. This letter states, "I enclose initial responses..". Please be advised that enclosed were no documents other than objections to our requests for discovery (12/14/05 "2nd notices" to you - request to depose tax assessor, request for production of documents, and request for entry for inspection).

We now respond to your letter and objections:

1. We again request that you stipulate to our oral deposition upon Defendant Lefebvre at the town hall where she will have access to the necessary records and information. This efficient and practical approach will save time, effort, and expense for all involved, and may be likened to the routine situation where a taxpayer requests a meeting with the Tax Assessor at town hall to have the Tax Assessor explain the revaluation process and their data, utilizing public records and other information necessary to adequately and fully answer the taxpayers questions as to how the valuations and assessments were calculated. Since we have been denied the opportunity for such a meeting, we are now requesting this. To the extent that you believe it is necessary for us to do so in order for you to comply with our request, we hereby invoke Rule 30(b)(1), in regard to this request. Consider our request for stipulation to be a request for the type of meeting described above, coupled with the deposition. The type of deposition we request also would be in keeping with our rights under the Access to Public Records Act, other Rhode Island General Laws, and the attached Regulation (see "Public Disclosure", et al). Since Solicitor Mr. Ursillo and other town officials have severely limited our access to the town hall and public records, we are making this request to you as the keeper of the records vis-a-vis us.

In your letter, you say that you are unsure of the availability for deposition on the dates we

specified. In your objection note, you say that you have no "current objection" to the dates. What does this mean to us in practical terms?

**Please sign the stipulation and return it to us so that we may file it with the court and engage the court reporter.**

2. As you will recall, we previously discussed and addressed the issues you raised related to Electronic Evidence Recover, Inc., and their access to the town hall records. Again, notwithstanding that we have complied with the rules of discovery, the town hall is a public building containing the public records we seek to access. If you have specific objections, please raise them immediately in writing to us, asserting the specific rule upon which you rely. If you have specific assertions of privileges, please raise them in writing to us as we previously requested. We have asked, through you, that the computer records be backed up (copied) by your client to assure your security, and we have offered to pay to have Electronic Evidence Recovery personnel meet with you to address your concerns regarding protecting the privileges you have yet to assert.

As we have previously asked of you, **please assert your privileges, and give us written assurances that the records will be adequately backed up (copies made) by your client to ensure your security, and, since you have offered no alternative dates, confirm the dates we have selected to us in writing.** As to your assertion that you do not know what "privileges" means, we mean what you mean when you say in your objection, "The request does not indicate....which may not be relevant or otherwise privileged". It is important that you respond as requested because we are incurring expenses associated with this request.

As to your assertions that our requests are "overbroad" and "time consuming", our requests comply with the Rules for such discovery, and will not be inordinately time consuming as our experts will perform the necessary functions quickly, professionally, and efficiently, and we will pay them to do so. **Please give us your written estimate (in units of time) as to what you would consider to be burdensomely time consuming, and we will try to remain within that limit initially.**

3. As to your responses to our outstanding requests for records:

A. we understand you to say that you are working on our May 2005 request.

B. As to our third request, please provide the following:

i. documents responsive to requests to which you have registered no objections, those items being numbered: 1, 2, 5, 6, 7, 10, 11, 22, 23, 24, and 25

ii. For the items to which you have objected, please provide estimates as to the number of documents involved for those items: 3, 4, 8, 9, 12 - 21, 26, and 27, such as we did for you in response to your request for documents.

iii. In general, for the items to which you have objected, please provide documents involved for which you have no objections as to those items: 3, 4, 8, 9, 12 - 21, 26, and 27. We expect that you will timely provide all documents to which your objections do not apply, as your objections are overbroad.

iv. As to the item 3, please provide the following:

Documents to support the 12/31/02 initial valuations (per initial notice and property record card prior to any reductions), and any and all subsequent reductions, for property located in Barrington owned by the following 18 at 12/31/02:

Sean Daly, Bradford J. Faxon, Jr.; Stephen E. & Caroline Tortolani, Marsha E. Crecelius, Anthony L. DePasquale, Peter Wexler, Charles Gladding II, William Anderson, Brian Ott, John Kirkwood III, Richard Kuhn, James J. Skeffington, Atlantic Crossing LLC, Frederick L. DeAngelis, and Marc Zawatsky (personally and d.b.a. Bosworth), Charles Adams, and Robert Henry, and the Rhode Island Country Club.

Given the volume of reductions and properties that were valued at substantially less than 100% valuation, we are going to need to look at a fairly large volume of substantiating documentation as part of this discovery process. The names we have selected represent only a small percentage of the total, and were selected for various reasons. In consideration of your objection, you may start by giving us the requested information for the above 18 names by January 22, 2006 (one month from the date of your objection). This will give you the ability to assess the magnitude of the documentation for each. Our impression is that there is very little in the way of documentation for the items requested in this #3, and that you can fairly quickly comply with the entire requested list.

v. as to each item listed below, and in consideration of your objections, please start by providing the following to us:

4. Documents that support all reductions to valuations and/or assessments, for reductions granted during the period 11/1/02 through 6/30/03. We have narrowed the period considerably to make this first phase response easier for you. Again, once you begin to gather the documentation, we believe that you will realize that it is not prohibitively voluminous.

8. Correspondence between the Town of Barrington and insurer Interlocal regarding training, education, risk reduction, risk management, risk issues, potential risk of loss and/or liability, and corrective action to reduce risk, etc. for all departments for the period 1/1/03 through present.

Here, we have narrowed the time frame for you, but not the scope of the departments because this is relevant to our lawsuit.

9. We can initially limit this request to:
Minutes of meetings and correspondence (letters, emails, faxes, etc.) that reference the valuations, assessments, reductions to same, hearings; related data, statistics, studies, examinations, investigations, etc., relating to Plaintiffs, and/or Plaintiff's property; including but not limited to current or former: town officials, employees, the town council, the Board of Assessment Review (as a body and individually), Jerome and/or Appraisal Resources and it employees and agents (as a body and individually),the Rhode Island Office of Municipal Affairs, Department of the Attorney General, and/or the Department of Administration, Govern Software, Ryan Realty and/or any of its former agents, associates, owners, brokers, or employees; and its insurers and public accountants, for the period 1/1/03-present.

12. All minutes of all Executive Sessions of the Town Council from 1/1/02 through present.

The privileges you assert do not apply to these public records.

13. Documentation of, including reports resultant from, any and all investigations conducted by, or corrective action taken by, the Department of the Attorney General, the Barrington Town Council, the Town of Barrington, the Barrington Tax Assessor, the Barrington Town Manager, Interlocal, the State of Rhode Island, or any other person or body, as a result of the concerns raised by Plaintiffs regarding the 12/31/02 valuations and assessments, and/or as a result of the lawsuit filed by Plaintiffs on 8/16/04, and/or as a result of the complaints filed by Plaintiffs with the Department of the Attorney General.

Please provide all that you do not consider to fall within the attorney- client or work product privileges you assert. It appears that much of this would be public record and/or not privileged.

14. Letters, memos., documentation, policy letters, ordinances, etc. wherein changes in policy, practice or procedure were communicated to Department Heads during the period 1/1/03 - 11/15/05.

The scope of this request is relevant to our lawsuit. It does not appear that this would result in a voluminous response, but if it does, that is relevant in and of itself.

15. Documentation to support 12/31/02 certified valuations for all properties that meet the following criteria: designated qualified ("q") sales that ended up being valued at less than the actual qualified sales price (12/31/02 a.s.r. less than 100%, based on the old actual "q" sale).

This request is very narrow and extremely relevant. The documents are required now as part of our discovery, and these are public records. We expect you to fully respond to this request forthwith.

16. Documentation to support reductions granted prior to certification of the 12/31/02 valuations, for all properties that meet the following criteria: designated qualified ("q") sales that were, upon certification of the 12/31/02 tax list, valued at less than the actual qualified sales price (12/31/02 a.s.r. less than 100%, based on the old actual "q" sale).

This request is very narrow and extremely relevant. The documents are required now as part of our discovery, and these are public records. We expect you to fully respond to this request forthwith.

17. Documentation to support reductions granted post certification of the 12/31/02 valuations, for all properties that meet the following criteria: designated qualified ("q") sales that were, upon certification of the 12/31/02 tax list, valued at less than the actual qualified sales price (12/31/02 a.s.r. less than 100%, based on the old actual "q" sale).

This request is very narrow and extremely relevant. The documents are required now as part of our discovery, and these are public records. We expect you to fully respond to this request forthwith.

18. Documentation to support 12/31/02 certified valuations for all properties that meet the following criteria: designated qualified sales ("q") that were, upon certification, valued at more than the actual qualified sales price (a.s.r. greater than 100%), and had also been assessed further increase(s) during the initial appeal period (2/20/03 through 5/5/03).

This request is very narrow and extremely relevant. The documents are required now as part of our discovery, and these are public records. We expect you to fully respond to this request forthwith.

19. Documentation to support the valuations of all properties that consisted of construction in process at 12/31/02.

This request is very narrow and extremely relevant. The documents are required now as part of our discovery, and these are public records. We expect you to fully respond to this request forthwith.

20. Documentation to support the valuation of substandard lots at 12/31/02.

This request is very narrow and extremely relevant. The documents are required now as part of our discovery, and these are public records. We expect you to fully respond to this request forthwith.

21. Documentation to support the valuation of merged lots that constitute more than one buildable lot at 12/31/02.

This request is very narrow and extremely relevant. The documents are required now as part of our discovery, and these are public records. We expect you to fully respond to this request forthwith.

26. Reports that show "sales chasing" at 12/31/02.

As to your statements that you don't understand certain requests, please be advised that we have referred to the documents in terms that a qualified Assessor would understand. We have used and discussed such terminology with other assessors, and with qualified experts. If after reviewing this letter, and the attached, and consulting your client, you still don't understand the terminology, please send us specific written questions and we will provide you all with further technical advice.

27. Report to show fair market value or "level of assessment" that was accomplished at 12/31/02, overall and by type of property (residential, commercial, etc.).

As to your statements that you don't understand certain requests, please be advised that we have referred to the documents in terms that a qualified Assessor would understand. We have used and discussed such terminology with other assessors, and with qualified experts. Here, we are asking for any and all documentation to support and disclose the overall level of uniformity and assessment with respect to the 12/31/02 valuations. The "level of assessment" report, as we have explained to you, will clearly show that the overall level of assessment was not at the 100% represented to us. (Please see the attached.) If after reviewing this letter, and the attached, and consulting your client, you still don't understand the terminology, please send us specific written questions and we will provide you all with further technical advice.

Further:

Please be advised that we do not yet have from you all the records we have requested of you.

Please be advised that we do not have all the records we have requested of you that you are required by law to have produced and maintained.

Please be advised that we do not have all the records you are compelled to produce and remit to us as a result of Lynch v. Barrington (PC 05-1569).

Please be advised that, to the extent that we have asked for public records, you are continuing to deny us access to public records.

At our hearing in the U. S. District Court on December 12, 2005, you told the court words to the effect that you might just make us compel discovery. That you would make such a statement to the court is quite revealing of your posture in this regard - and, as we told the court, we find that it is consistent with what your posture has been toward us all along. Please be advised that your posture continues to cause us harm and damages. We agree that a court hearing should not be necessary to ensure your compliance with our requests for discovery. As there still remains much that you can respond to but have not, please provide the responses requested herein forthwith, and then we will follow up with you, as necessary to ensure compliance. **Please confirm to us in writing that you will do so, and provide the date by which we can expect compliance with the production requests.**

We Wish You a Merry Christmas,

Janice and John Black

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**JOHN J. BLACK (a.k.a. "JEFF BLACK"), and JANICE F. H. BLACK**
**Petitioners / Plaintiffs**
**v.**
**REBECCA J. LEFEBVRE, TAX ASSESSOR FOR THE TOWN of BARRINGTON, RHODE ISLAND, OFFICIALLY and PERSONALLY, and THE TOWN OF BARRINGTON, RHODE ISLAND THROUGH ITS TREASURER DEAN M. HUFF, JR.**
**Respondents / Defendants**

**C.A. No. 05-449ML**

**(R.I. Superior Court C.A. No. PC 04-4457)**

**PLAINTIFFS' THIRD REQUEST for PRODUCTION of DOCUMENTS UPON DEFENDANTS**

Plaintiffs do now submit to Defendants, in accordance with Court Rules of Civil Procedure ("Rule") Rule 26 and Rule 34, the following request for documents:

1. All documents to support the valuation and assessment at 12/31/02, 12/31/03 & 12/31/04 of ratable real property located at 3 Colley Court, Barrington, Rhode Island, including the standards applied to each component listed on the property record card (physical depreciation, functional depreciation, etc.) to arrive at the resultant valuation.

2. Resume ("c.v.") for: Tax Assessor, Tax Assessor staff, Town Manager Peter DeAngelis, Robert Battey, John Marks, Louis Codega, and the Assistant Finance Director.

3. Documents to support the 12/31/02 initial valuations (per initial notice and property record card prior to any reductions), and any and all subsequent reductions, for property

located in Barrington owned by the following at 12/31/02:

Sean Daly, Bradford J. Faxon, Jr.; Stephen E. & Caroline Tortolani, Marsha E. Crecelius, Anthony L. DePasquale, Peter Wexler, Richard Gemma, Gary Morse, Michael Sullivan, Michael Cox, C. Claire Flanagan, Matthew Smith, Thomas Finnerty, Alfonso Lubrano, Louis Provenzano, Charles Gladding II, William Anderson, Gavin Hunter, Brian Ott, Hugh Ryan, Karin Dreier, Marie McGlory, John Kirkwood III, David Lea, Jr.; Michael Angelakis, Earle Phillips, Jr.; Bruce Schulbaum, Richard Browning, Andrew Kadak, Mark Pelson, Girard Visconti, Andre Laus, Stephen Perry, Martha Richardson, James Chin, Marie Vargas, David Wilder, Martha Richardson, Stephen Perry, Paul Frias, Paul Vartanian, Richard Kuhn, Maurice Roberts, David Winoker, Colin Harrington, Robert Manchester, Paul Sanford, Janice Hess, Edward Kriete, Jr.; Frohma Anderson, Richard Fields, James J. Skeffington, Atlantic Crossing LLC, Frederick L. DeAngelis, and Marc Zawatsky (personally and d.b.a. Bosworth), Charles Adams, and Robert Henry, and the Rhode Island Country Club.

4. Documents that support all reductions to valuations and/or assessments, for reductions granted during the period 1/1/02 through 12/31/04.

5. Written standards of evidence and burdens of proof for appeals, including appeals to the Tax Assessor, the Contractor, and the Assessment Board of Review, for 2000 - 2005, including those that address the following: requirement that appellant proffer an independent appraisal, requirement that appellant shall offer proof as to the fair market

value of the property.

6. Written standards Tax Assessor applies to determine when and whether she will appear as witness at hearings for 2000 - 2005, as well as to determine for whom she will appear as a witness.

7. Studies conducted to determine land prices for the 12/31/02 valuations, and studies conducted to determine commercial building component costs for the 12/31/02 valuations.

8. Correspondence between the Town and insurer Interlocal regarding training, education, risk reduction, risk management, risk issues, potential risk of loss and/or liability, and corrective action to reduce risk, etc.

9. Minutes of meetings and correspondence (letters, emails, faxes, etc.) that reference valuations, assessments, reductions to same, hearings; related data, statistics, studies, examinations, investigations, etc., Plaintiffs, and/or Plaintiff's property in any way, including but not limited to that to and from Tax Assessor, Town Council (as a body and individually), Board of Assessment Review (as a body and individually), Jerome and/or Appraisal Resources and it employees and agents (as a body and individually), Town Manager Dennis Phelan and Town Manager Peter DeAngelis, Town Treasurer Dean Huff, Town Clerk Lorraine Deroy, the State of Rhode Island and/or any of its Offices and/or Departments and/or current or former employees, agents, chiefs, directors, etc.; Govern Software, Ryan Realty and/or any of its former agents, associates, owners, brokers, etc.;

and any and all other such correspondence to and from any other persons, boards, bodies, companies, firms or corporations; for the period 1/1/02-11/15/05.

10. All documents, including affidavits, submitted to the Department of the Attorney General, in relation to the investigation of the complaints Plaintiffs filed with the Department of the Attorney General dated June 4, 2004, the subsequent lawsuit by the Attorney General, and the resultant Consent Judgment.

11. Records that show the dates on which Jerome representatives trained the Board of Assessment Review as required by the contract for the 12/31/02 revaluation.

12. All minutes of all Executive Sessions of the Town Council from 1/1/02 through present.

13. Documentation of, including reports resultant from, any and all investigations conducted by, or corrective action taken by, the Department of the Attorney General, the Barrington Town Council, the Town of Barrington, the Barrington Tax Assessor, the Barrington Town Manager, Interlocal, the State of Rhode Island, or any other person or body, as a result of the concerns raised by Plaintiffs regarding the 12/31/02 valuations and assessments, and/or as a result of the lawsuit filed by Plaintiffs on 8/16/04, and/or as a result of the complaints filed by Plaintiffs with the Department of the Attorney General.

14. Letters, memos., documentation, policy letters, ordinances, etc. wherein changes in

policy, practice or procedure were communicated to Department Heads during the period 1/1/03 - 11/15/05.

15. Documentation to support 12/31/02 certified valuations for all properties that meet the following criteria: designated qualified ("q") sales that ended up being valued at less than the actual qualified sales price (12/31/02 a.s.r. less than 100%, based on the old actual "q" sale).

16. Documentation to support reductions granted prior to certification of the 12/31/02 valuations, for all properties that meet the following criteria: designated qualified ("q") sales that were, upon certification of the 12/31/02 tax list, valued at less than the actual qualified sales price (12/31/02 a.s.r. less than 100%, based on the old actual "q" sale).

17. Documentation to support reductions granted post certification of the 12/31/02 valuations, for all properties that meet the following criteria: designated qualified ("q") sales that were, upon certification of the 12/31/02 tax list, valued at less than the actual qualified sales price (12/31/02 a.s.r. less than 100%, based on the old actual "q" sale).

18. Documentation to support 12/31/02 certified valuations for all properties that meet the following criteria: designated qualified sales ("q") that were, upon certification, valued at more than the actual qualified sales price (a.s.r. greater than 100%), and had also been assessed further increase(s) during the initial appeal period (2/20/03 through 5/5/03).

19. Documentation to support the valuations of all properties that consisted of

construction in process at 12/31/02.

20. Documentation to support the valuation of substandard lots at 12/31/02.

21. Documentation to support the valuation of merged lots that constitute more than one buildable lot at 12/31/02.

22. Report to show the c.o.d. at 12/31/02 of only residential properties.

23. Report to show the c.o.d. at 12/31/02 of only vacant land.

24. Report to show the c.o.d. at 12/31/02 of only commercial properties.

25. Reports to show the time adjusted a.s.r. ratio studies at 12/31/02, overall and by type of property (residential, commercial, etc.).

26. Reports that show "sales chasing" at 12/31/02.

27. Report to show fair market value or "level of assessment" that was accomplished at 12/31/02, overall and by type of property (residential, commercial, etc.).

Plaintiffs request that Defendants shall photocopy responsive documents for Plaintiffs, and mail them to Plaintiffs, and that Plaintiffs shall remit payment or prepay the cost of copying the documents and postage.

BY: Plaintiffs

Janice F. H. Black, pro se

John J. Black, pro se
3 Colley Court
Barrington, Rhode Island 02806
Telephone: (401) 245 - 2356

**CERTIFICATION:**

I certify that I have caused to be mailed (U.S.P.S., postage prepaid, return address indicated) on this 13TH day of December, 2005 a true copy of the within to:

1) Solicitor Mr. Michael Ursillo
Ursillo, Teitz and Ritch, Ltd.
2 Williams Street,
Providence, RI 02903-2918

and

2) Marc DeSisto, Esquire
DeSisto Law
211 Angell Street
Providence, RI 02906

BY: Plaintiff:

Janice F. H. Black
3 Colley Court
Barrington, Rhode Island 02806
Telephone: (401) 245 - 2356