**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**JOHN J. BLACK (a.k.a. "JEFF BLACK"), and JANICE F. H. BLACK**
**Petitioners / Plaintiffs**
**v.**
**REBECCA J. LEFEBVRE, TAX ASSESSOR FOR THE TOWN of BARRINGTON, RHODE ISLAND, OFFICIALLY and PERSONALLY, and THE TOWN OF BARRINGTON, RHODE ISLAND THROUGH ITS TREASURER DEAN M. HUFF, JR.**
**Respondents / Defendants**

**C.A. No. 05-449ML**

**PLAINTIFFS' OBJECTION TO DEFENSE 12 (b)(6) MOTION TO DISMISS**

1. Per Plaintiffs' Memorandum & Exhibits (attached), and as herein, Plaintiffs object to Defendants' 12(b)(6) Motion and move that it shall be denied because the Defense:

A. has waived such 12(b)(6) action in this Court, and

B. applies improper standards to a subset of Plaintiffs' pleadings, and

C. was denied in State Superior Court, and adding another law firm to the defense does not operate to give a defendant another bite of the "12(b)(6) apple", and

D. relies on arguments that do not support dismissal of the pleadings, THEN

2. Plaintiffs move that this Honorable Court deny Defendants' motion, or, in the interest of substantial justice, allow Plaintiffs to amend to cure if this Court finds so necessary.

BY: 2/6/06 Plaintiffs:

Janice F. H. Black, pro se

John J. Black, pro se
3 Colley Court
Barrington, Rhode Island 02806
Telephone: (401) 245 - 2356

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **JOHN J. BLACK (a.k.a. "JEFF BLACK"), and JANICE F. H. BLACK**<br>**Petitioners / Plaintiffs**<br>**v.**<br>**REBECCA J. LEFEBVRE, TAX ASSESSOR FOR THE TOWN of BARRINGTON, RHODE ISLAND, OFFICIALLY and PERSONALLY, and THE TOWN OF BARRINGTON, RHODE ISLAND THROUGH ITS TREASURER DEAN M. HUFF, JR.**<br>**Respondents / Defendants** | **C.A. No. 05-449ML** |

**PLAINTIFFS MEMORANDUM OF LAW IN OBJECTION TO DEFENSE 12(b)(6) MOTION TO DISMISS**

## I. DEFENDANTS' WAIVER

As of November 14, 2005, Defendants' have waived such 12(b)(6) action in this Court, and their Motion is untimely and should be denied on that basis as, per Federal Rule of Civil Procedure "Rule" 12(b), the time for a Defendant to raise such issue in this Court would have been on or before November 14, 2005.

## II. A. THE STANDARD OF REVIEW TO BE APPLIED TO ALL PLEADINGS:

"Accordingly, in the course of its analysis, the Court will assume that all Plaintiffs' allegations are true. The allegations and all reasonable inferences to be drawn from them will be construed in the light most favorable to the Plaintiffs. Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996). As stated by the United States Supreme Court, 'the accepted rule [is] that a complaint should not be dismissed for failure to state a claim unless it

appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' Conley v. Gibson, 355 U.S. 41, 45 - 46 (1957). Defendants' motion will fail if the 'well-pleaded facts, taken as true, justify recovery on any supportable legal theory.' Cruz v. Melecio, 204 F. 3d 14, 21 (1st Cir. 2000)." *

**B. DEFENSE APPLIES IMPROPER STANDARDS & IGNORES PLEADINGS:**

To support their motion, the Defense Memorandum ( p. 2, and throughout) applies improper standards, puts forth arguments relying on a very narrow reading of selected cases improperly applied (excerpts, section V, below) to a selected subset of Plaintiffs' pleadings, and neglects to draw reasonable inferences in favor of Plaintiffs. Plaintiffs strongly object to this approach, and it cannot be accepted in lieu of applying the proper legal standard to the pleadings on the face of Plaintiffs' well - pleaded Petition and Complaint (Plaintiffs' Exhibit 1 - condensed) which gives sufficient notice pleading to the Defense in accordance with the proper standard for such pleadings, as applied by Justice Judith Savage in ***Black et al v. Lefebvre et al***, and as evidenced by the Defenses' ability to identify causes of action in big, black, bold letters (Defense Team's Memorandum, pages 3 - 8 and 13 - 21). Defendants vigorously employ their improper techniques because when the entirety of the pleadings are properly evaluated (please see Plaintiffs' Exhibits ("Exhibit")), it becomes apparent that Defendants' motion must be denied.

---

* Senior District Judge Ronald R. Lagueux, in *Gray v. Derderian, C.A. No. 04-312L*, and *Estate of Henault et al v. American Foam Corp., C.A. No. 03-483L*, U. S. District Court at Providence, Rhode Island.

**III. PLAINTIFFS' PETITION AND COMPLAINTS PASS "JUSTICE MUSTER":**

The Defense's12(b)(6) Motion to Dismiss filed in State Superior Court (*Black et al v. Lefebvre et al*, PC C.A. No. 04-4457) (Exhibit 2) was denied on January 11, 2005, and, as such, it is barred from being raised again by the Defense, and Plaintiffs move that it shall be denied on that basis, and as adding another law firm to the defense does not operate to give a defendant another bite of the "12(b)(6) apple", and, notably, the State Superior Court did not find Plaintiffs' Complaints to be mutually exclusive with Plaintiffs' Petition . The controlling legal principles applied by the Superior Court in denying dismissal operate to preclude the dismissal of Plaintiffs' fraud and 1st Amendment complaints (added after January 11, 2005) as well, as discussed below.

**IV. OTHER BASES UPON WHICH TO DENY DEFENDANT'S MOTION:**

Proper analysis of the pleadings, reveal that the claims are well - pleaded and dismissal shall not lie. The following three pleadings apply to all claims:

"**152.** Plaintiffs reassert the allegations set forth in The Petition and Complaint, those allegations being contained in the initial summary and in all numbered items which follow said summary." (Exhibit 1, p. 12) and "**165.** Plaintiffs reassert the allegations set forth in The Petition and Complaint, those allegations being contained in the initial summary and in all numbered items which follow said summary." (Exhibit 1, p. 165) From the initial summary (Exhibit 1, p.1), "for redress of the harm and injury and deprivation of property Defendants did inflict upon Plaintiffs through Defendants' negligent, grossly negligent, intentional, reckless, outrageous and malicious acts, omissions, fraud, and breaches of duties to Plaintiffs; **and for** Defendants' conduct which caused harm upon Plaintiffs, with

negligent, grossly negligent, intentional, reckless, outrageous and malicious acts and omissions, in disregard for and in violation of Plaintiffs rights, including the rights to which Plaintiffs are entitled under Article I Section 2 of the Constitution of the State of Rhode Island and the 1st, 5th and 14th Amendments of the United States Constitution, those rights being the right to equal protection of the laws and the right not to be deprived of property without due process of law, both procedural and substantive, and the right to freedom of speech and to petition the government for redress of grievances; **such violations also** being in violation of 42 U.S.C. 1983 as such violations of Plaintiffs' rights and resultant harm to Plaintiffs was inflicted upon Plaintiffs by Defendants under the color of state law."

In drafting their pleadings, Plaintiffs were careful to employ the pleading elements set forth by the courts. For example:

**A. FRAUD: STANDARD FOR PLEADINGS:**

The Pleadings from the face of the Petition and Complaint clearly comply with the elements required for such pleadings as very recently set forth by the Court in *Broccoli v Cranston (PC #03-0643 RI, 2005)*: 1. a false representation, 2. intent that the plaintiff rely on the representation, 3. justifiable reliance on the part of the plaintiff on the false representation, and 4. resultant damages. (Plaintiff in *Broccoli* alleged that the city acted fraudulently and improperly threatened Eminent Domain). Also considered by Plaintiffs' as to the drafting of pleadings, in *Broccoli,* the court says the RI Supreme Court has held that proof of an intentional tort constitutes egregious conduct (cites *L. A. Ray Realty*). The Defense Team recognizes only a small subset of Plaintiffs' pleadings as to fraud

(compare Defenses' Memorandum p. 7, top, with face of the pleadings- condensed Exhibit 1, and below), and lumps fraud in with negligence (Defenses' Memorandum p. 20) in again applying an improper standard to the Defenses' analysis of the sufficiency of the pleadings. For purposes of our analysis, here, as to the sufficiency of pleadings for fraud, Plaintiffs have certainly well - pleaded fraud on the face of their Petition and Complaint, as illustrated below. Plaintiffs were careful to use the proper standard in drafting their pleadings. Plaintiffs are also entitled to the inferences that may be drawn when the proper standard is applied to the face of the pleadings. (Exhibit 1, p. 12, 13, entire.)

**CONFORMING PLEADINGS FROM *BLACK et al v. LEFEBVRE et al* INCLUDE:**

"**152.** Plaintiffs reassert the allegations set forth in The Petition and Complaint, those allegations being contained in the initial summary and in all numbered items which follow said summary. **153.** Defendants did mail or cause to be mailed to Plaintiffs through the United States Postal Service ("USPS", or the "mail") property tax bills which Defendants knew contained false representations, and Defendants intended that Plaintiffs would rely on said false representations. **154.** Said property tax bills being those property tax bills which Defendants did mail or cause to be mailed to Plaintiffs in August 2003, August 2004, and August 2005 for taxes assessed by Defendants upon the real property owned by Plaintiffs located at 3 Colley Court, Barrington, Rhode Island.**155.** Plaintiffs did receive through the mail said property tax bills that Defendants did intentionally mail or cause to be mailed to Plaintiffs through the USPS (the "mail"). **156.** Defendants did intend that Plaintiffs rely on said property tax bills that Defendant did mail or cause to be mailed to Plaintiffs through the USPS (the "mail"). **157.** Plaintiffs did justifiably rely upon the false

representations that Defendants did mail or cause to be mailed to Plaintiffs through the USPS (the "mail") in the form of said property tax bills. **158.** Plaintiffs were harmed, incurred damages, and were deprived of property as a result of Plaintiffs' justifiable reliance upon the false representations that Defendants did intentionally and knowingly mail or cause to be mailed to Plaintiffs, or that Defendants did otherwise transmit or omit or cause to be transmitted or omitted to Plaintiffs, in the form of, in support of, in relation to, in justification of, and/or in explanation of said property tax bills. **159.** Under Rhode Island General Law section 44-5-26, Plaintiffs were statutorily required to rely upon the false representations that Defendants did mail or cause to be mailed to Plaintiffs through the United States Postal Service (the "mail") in the form of said property tax bills. **160.** Defendants knew and intended that Plaintiffs were statutorily required to rely upon the false representations that Defendants did mail or cause to be mailed to Plaintiffs through the United States Postal Service (the "mail") in the form of said property tax bills. **161.** Plaintiffs did justifiably rely upon the false representations that Defendants did mail or cause to be mailed to Plaintiffs through the United States Postal Service (the "mail") in the form of said property tax bills and incurred resultant damages. **162.** Plaintiffs did justifiably rely upon the false representations that Defendants did mail or cause to be mailed to Plaintiffs through the United States Postal Service (the "mail") in the form of said property tax bills and incurred resultant damages which include a taking of property from Plaintiffs by Defendants. **163.** Plaintiffs did justifiably rely upon the false representations that Defendants did mail or cause to be mailed to Plaintiffs through the United States Postal Service (the "mail") in the form of said property tax bills and incurred

resultant damages which include a taking of property from Plaintiffs by Defendants under the color of state law. **164.** Plaintiffs did justifiably rely upon the false representations that Defendants did mail or cause to be mailed to Plaintiffs through the United States Postal Service (the "mail") in the form of said property tax bills and incurred resultant damages which include a taking of property from Plaintiffs by Defendants under the color of state law and in violation of Plaintiffs' substantive due process rights, as such fraud is irrelevant to a legislative policy and is not keyed to a legitimate state interest. **165.** Plaintiffs reassert the allegations set forth in The Petition and Complaint, those allegations being contained in the initial summary and in all numbered items which follow said summary. **166.** Plaintiffs have suffered harm through the actions of Defendant Lefebvre. **167.** Plaintiffs have suffered harm through the actions of Defendants. **168.** Defendant Lefebvre has not performed her job in accordance with all relevant Rhode Island General Laws and Barrington Ordinances. **169.** Defendants have not performed their jobs in accordance with all relevant Rhode Island General Laws and Barrington Ordinances."

**B. STANDARDS for PLEADINGS: 1st AMENDMENT VIOLATIONS**

Though the Defense has properly identified the standard for pleadings of 1st Amendment violations as in *Perry*, (Defense Memorandum, p.20), and as pleaded sufficiently in *Rhode Island Affiliate A.C.L.U. v. RI Lottery Commission et al*, 593 F.Supp. 752 (1982), Plaintiffs' strenuously object to the Defenses' tactic of ignoring Plaintiffs pleadings in order to argue that no claims have been made. Though the Defense Team claims to be unable to recognize sufficient pleadings in this regard (Defense Memorandum, p. 7, item 3, and reiterated on pages 19 & 20), Plaintiffs were careful to apply the proper standards

in drafting their pleadings. Plaintiffs are also entitled to the inferences that may be drawn when the proper standard is applied to the face of the pleadings. (See Exhibit 1, entire.)

**CONFORMING PLEADINGS FROM *BLACK et al v. LEFEBVRE et al* INCLUDE:**

As set forth on the face of the Petition and Complaint in Exhibit 1, and summarized with excerpted references, here: Plaintiffs plead First Amendment violations by pleading, among other things: that Plaintiffs spoke out to Defendants (pleadings 14A, 15C, 20A, 22A, 23A, 32, 39C, and throughout the pleadings), asking Defendants to redress Plaintiffs' grievances (throughout the pleadings), that Plaintiffs asked Defendants to provide honest services to which Plaintiffs are entitled as taxpayers (throughout the pleadings), that Defendants did not provide redress nor honest services (8D, 9B, 5D, 15D, 19A et al), and that Defendants harmed and punished Plaintiffs for speaking out including by threatening (21A) Plaintiff, withholding public records, information and due process from Plaintiffs; and taking property from Plaintiffs, such taking being through a 2nd punitive tax increase (13 & 14, 28), and by forcing Plaintiffs to go to court to seek redress because Defendants denied redress through honest services to which Plaintiffs were entitled (throughout the pleadings).

**C. EQUAL PROTECTION VIOLATIONS - STANDARDS for PLEADINGS**

Some of the cases Plaintiffs relied upon in drafting their pleadings: *Eichenlaub v. Township of Indiana and Engineer Daniel Slagle officially and individually et al (US Ct Appeals 3d Circuit (Western Dist. PA), No. 03-2707, 9/21/04)*, U. S. Supreme Court has held that a class of one can attack intentionally different treatment if it is irrational and wholly arbitrary, and *Rhode Island Affiliate A.C.L.U. v. RI Lottery Commission et al.*

593 F.Supp. 752 (1982), Punitive damages require pleadings of "aggravating circumstances", or of "oppression, malice, gross malice, willful or wanton misconduct or a reckless disregard for civil rights", and pleadings that the conduct violated "clearly established statutory or constitutional rights of which a reasonable person would have known".

*Tapalian v Tusino / Seekonk (#02-1732 USCA -1st Circuit, 2004):* Improperly denying building permits violates Equal Protection Clause, based on "intent to inhibit or punish, or malicious or bad faith intent to injure", Official harbored personal hostility toward Plaintiff - vindictive action. Disparate treatment of plaintiff vis-a-vis similarly situated contractors, and gross abuse of power, personal malice and bad faith, retaliation aimed at punishing plaintiff. Rational inference: that defendant engaged in "malicious orchestrated campaign causing substantial harm", constituting a gross abuse of power. Punitive and compensatory damages.

*Rosen v. Restrepo*, 119 RI 398, 380 A.2d 960 (RI 1977) ; *Thomas R. Merlino et ux v. Tax Assessors for the Town of North Providence, et al*, 337 A.2d 796 (RI 1975); and *Gerald A. Oster et al v. Leo H. Tellier, Jr. et al*, 544 A. 2nd 128 (RI 1988) (No. 86-239-Appeal): Disproportionate tax scheme illegal under: RIGL section 44-5-12 & Articles 1 & 2 of RI Constitution & equal protection clause of the U. S. Constitution and violates assessor's constitutional obligation to fairly distribute the tax burden in a uniform manner.

*Allegheny Pittsburgh Coal v. Webster County (488 US 336 (1989)):* Selective reassessment violates Equal Protection. Plaintiffs' value to be reduced to a proportionate assessment; the burden was not on Plaintiffs to bring an action to have the other

properties increased in value.

**PLAINTIFFS' PLEADINGS - EXHIBIT 1 & JUSTICE SAVAGE'S DECISION**

As previously stated, Plaintiffs' pleadings were drafted after careful consideration of the preceding cases, and after a review of other pertinent legal authority (statutes, Constitutions, treatises, etc.). On January 11, 2005, Justice Savage denied the Defense's 12(b)(6) Motion to Dismiss. At that time, all of Plaintiffs claims were subject to that decision, except the fraud and 1st Amendment claims, which were later added by amendment. Plaintiffs applied the same drafting methods to the fraud pleadings and pleadings of First Amendment violations as were applied to the pleadings that withstood Defendants' Motion to Dismiss in State Court. In applying the same review standards to those pleadings as to the pleadings for all other of Plaintiffs' claims, as Justice Savage did, it is assumed that the pleadings for fraud claims and First Amendment violations are, as well, well - pleaded to afford Defendants sufficient notice pleading.

**D. DUE PROCESS - STANDARDS for PLEADINGS**

1. *Anthony Pitoco v. Harrington (PC #91-4993, RI, 1997):* 42 USC 1983 claims against Building Official and town councilors & negligence claim. Town's actions and policies violated state law. Building permit arbitrarily denied is deprivation of procedural & substantive due process, and "defendant town council officials acted to confirm the unauthorized actions of the town's building official...when they had no legal authority or jurisdiction to intervene in this matter and that, in doing so, they displayed a deliberate indifference to the building official's illegal conduct". "A regulation that takes property

violates the substantive due process clause if it is arbitrary, discriminatory, or irrelevant to legitimate policy...when the wrongful action is taken".) Full amount of damages recovered under 42 USC 1983, & attorney's fees under 1988 - state remedies were inadequate relief to remedy the due process violations. (Cites *L.A. Ray Realty et al v. Cumberland Town Council et al (698 A. 2nd 202 (1997)*. "... substantive due process prevents the use of governmental power for purposes of oppression, or abuse of governmental power that is shocking to the conscience, or legally irrational action that is not keyed to a legitimate state interest." (citing *PFZ Properties, Inc. v. Rodriguez*, 928 F.2d 28 (1st Cir.) 1991.) 2. *Hope v. Pelzer ( U. S. , 122 S. Ct. 2508 (2002)):* "fair warning" that conduct violates constitutional rights: prior case law provides sufficient fair warning. 3. *Conroe Creosoting Co. et al v. Montgomery County, Texas et al (249 F. 3rd 337 (2001)):* Assessor was sued for violating substantive & procedural due process rights, & state Constitution (& section 1983), denied qualified immunity. Plaintiff's substantive due process pleadings were sufficient: 1. tax assessor violated plaintiff 's constitutional rights that were clearly established at the time assessor acted, assessor had engaged in conduct that violated such established rights, resulting in a genuine issue of material fact. Standard: to be violation of substantive due process rights, conduct of government official must be "so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience", and Plaintiff's pleading satisfied this standard by pleading: Assessor selected the auctioneers (allegedly his friends), notified state authorities of the sale, signed a false affidavit in support of a tax warrant, and authorized the complete disposal of the company's assets without authority.

**PLAINTIFFS' PLEADINGS - EXHIBIT 1 & JUSTICE SAVAGE'S DECISION**

As previously stated, Plaintiffs' pleadings were drafted after careful consideration of the preceding cases, and after a review of other pertinent legal authority (statutes, Constitutions, treatises, etc.). On January 11, 2005, Justice Savage denied the Defense's 12(b)(6) Motion to Dismiss. At that time, all of Plaintiffs claims were subject to that decision, except the fraud and 1st Amendment claims, which were later added by amendment. Plaintiffs applied the same drafting methods to the fraud pleadings and pleadings of First Amendment violations as were applied to the pleadings that withstood Defendants' Motion to Dismiss in State Court. In applying the same review standards to those pleadings as to the pleadings for all other of Plaintiffs' claims, as Justice Savage did, it is assumed that the pleadings for fraud claims and First Amendment violations are, as well, well - pleaded to afford Defendants sufficient notice pleading.

**E. TORTS, DUTIES, OTHER PLEADINGS STANDARDS**

1. *Haley v. Town of Lincoln, RI (611 A.2d 845, 6/25/92):* State and political subdivisions' tort liability arising out of discretionary governmental actions that by their nature are not ordinarily performed by private persons: liable for discretionary governmental action if "special duty", or egregious conduct. 2. *Weybosset Hill Investments, LLC v. Thomas Rossi as Providence Tax Assessor (RI Superior Court Consolidated Cases: PC 99-2047, PC 99-4094, PC 00-2065, PC 01-2065) 2002*: Assessor duty to explain the precise methodology and figures used to reach the assessment figures he had arrived at for each

year challenged. 3. *Kathleen M. Feeney v. Stephen T. Napolitano as Treasurer of Providence et al (825 A. 2nd 1 (RI 2003)):* No limitation on damages in an individual capacity suit. 4. *Burns v. Reed (500 U.S. 478, 494-95 (1991):* no immunity for the "plainly incompetent or those who knowingly violate the law" (from Malley v. Briggs, 475 U.S. 335, 341 (1986)) 5. *NOS Limited Partnership et al v. Allan Booth as Tax Assessor of Newport et al (654 A. 2d 308 (RI 1995)):* Assessor required to properly assess the property by complying with state law, using identifiable and accepted methods of appraisal within state law. "... the assessor must first present his or her conclusion as to the fair market value and the procedure used to arrive at such fair market value of the subject property." 6. *Max R. Kargman et al v. Stanley D. Jacobs as Tax Assessor for East Providence (325 A. 2d 543 (RI 1974)):* Assessor must use recognized methods. 7. *Max R. Kargman et al v. Stanley D. Jacobs as Tax Assessor for East Providence (411 A. 2d 1326 (RI 1974)):* Assessor duties and burdens include: show how figures derived, and to calculate elements of physical and economic depreciation in accordance with recognized methods of valuation. 8. *Capital Properties, Inc. v. State of Rhode Island et al (749 A. 2nd 1069, (RI 1999) No. 99-324- Appeal, 12/2/99):* Assessments made by city against Plaintiff were "selective, arbitrary, and illegal" as they were not made as part of a "definite and logical plan for all properties in the city..." Legitimacy of the revaluation process ends when the tax authorities act out of improper or discriminatory motives. "Tax assessments that are made outside the ambit of state law are illegal, regardless of whether identifiable and accepted methods of appraisal are used." "Erroneous assessment" is defined (citing Black's Law Dictionary, 6th Ed.) as "as assessment that deviates from the law and is

therefore invalid, and is a defect that is jurisdictional in its nature, and does not refer to the judgment of the assessing officer in fixing the amount of the valuation of the property". 9. *Inn Group Associates v. Allan Booth et al (593 A. 2nd 49 (RI 1991)):* Valuations made "outside the ambit of state law are illegal, regardless of whether identifiable and accepted methods of appraisal are used."

**PLAINTIFFS' PLEADINGS - EXHIBIT 1 & JUSTICE SAVAGE'S DECISION**

As previously stated, Plaintiffs' pleadings were drafted after careful consideration of the preceding cases, and after a review of other pertinent legal authority (statutes, Constitutions, treatises, etc.). On January 11, 2005, Justice Savage denied the Defense's 12(b)(6) Motion to Dismiss. At that time, all of Plaintiffs claims were subject to that decision, except the fraud and 1st Amendment claims, which were later added by amendment. Plaintiffs applied the same drafting methods to the fraud pleadings and pleadings of First Amendment violations as were applied to the pleadings that withstood Defendants' Motion to Dismiss in State Court. In applying the same review standards to those pleadings as to the pleadings for all other of Plaintiffs' claims, as Justice Savage did, it is assumed that the pleadings for fraud claims and First Amendment violations are, as well, well - pleaded to afford Defendants sufficient notice pleading.

**F. PLEADING 42 U.S.C. 1983 - STANDARDS & PLEADINGS**

*General Motors Corp. v. City of Linden et al (279 NJ Super. 449, 653 A. 2nd 568 (1995)):* Inadequate remedy in state court for unconstitutional assessment because court couldn't award full range of remedies authorized by 42 USC 1983 in civil rights action challenging the constitutionality of tax assessments. Municipality can be held vicariously

liable under doctrine of respondeat superior constitutional rights violations committed by an officer or employee pursuant to official policy. For purposes of property tax assessments, the acts of the tax assessor are the acts of the municipality. Under 42 USC 1983: compensatory & punitive damages from municipal official or employee; compensatory but not punitive from municipality. Assessor will be held liable in damages for making an excessive assessment with a malicious, corrupt, or other sinister motive. *Richard J. Forest et al v. Pawtucket Police Department et al (US District Court, C.A. 02-164-2, 10/03):* Under 42 USC section 1983, plaintiff must: 1. allege the violation of a right protected by the Constitution or laws of the United States, and 2. that the defendant acted under color of state law.

**PLAINTIFFS' PLEADINGS - EXHIBIT 1 & JUSTICE SAVAGE'S DECISION**

As previously stated, Plaintiffs' pleadings were drafted after careful consideration of the preceding cases, and after a review of other pertinent legal authority (statutes, Constitutions, treatises, etc.). On January 11, 2005, Justice Savage denied the Defense's 12(b)(6) Motion to Dismiss. At that time, all of Plaintiffs claims were subject to that decision, except the fraud and 1st Amendment claims, which were later added by amendment. Plaintiffs applied the same drafting methods to the fraud pleadings and pleadings of First Amendment violations as were applied to the pleadings that withstood Defendants' Motion to Dismiss in State Court. In applying the same review standards to those pleadings as to the pleadings for all other of Plaintiffs' claims, as Justice Savage did,

it is assumed that the pleadings for fraud claims and First Amendment violations are, as well, well - pleaded to afford Defendants sufficient notice pleading.

**V. DEFENSE ISSUES UNRIPE, WAIVED, &/OR SUPPORT THE PETITION**

Defendants confuse the unripe and illogical (remand after removal by the defense) with issues waived (12(b)(6)), and / or issues that support Plaintiffs' Petition (comity/TIA which both fit under "TIA" on the Petition side of the pleading chart at Plaintiffs' Exhibit 3). None of these issue support dismissal of any of Plaintiffs' well - pleaded complaints. Even had they been properly raised, these items do not act as a bar to Plaintiffs' well - pleaded Petition and Complaint, and raising them at an improper time does not cure their inability to support dismissal, especially when evaluated in light of the proper standard as expressed in Plaintiffs' Memorandum. And also as to these issues and as to cases cited in the Defense Memorandum (pages 9 - 12), while those issues and cases might argue for a different jurisdiction under certain conditions, they support neither remand nor dismissal in this case: For example, *Cumberland Farms, Inc. v. State of ME*, 116 F. 3rd 943 (1st Circ. 1997), sets forth conditions, that must be satisfied before the TIA will afford state court rather than federal court jurisdiction: "first, the challenged impost must constitute a tax; and second, the State must furnish an adequate alternative to a federal-court remedy." As Justice Savage's decision (Exhibit 2) and Plaintiffs' Exhibit 3 depict, Plaintiffs have properly pleaded and joined causes of action that go beyond a Petition for appeal in State Court. In *Tomailo v. TransAmerica Corp.*, 131 F.Supp. 2nd (D. RI 2001), the Plaintiff

did not raise pleadings that operated to "contest that Rhode Island provides a plain, adequate and complete remedy through which taxpayers may contest their taxes and have their federal claims heard in state court". As Justice Savage's decision (Exhibit 2) and Plaintiffs' Exhibit 3 depict, Plaintiffs here have properly pleaded and joined with the petition causes of action that go well beyond a Petition for Appeal. As they are among the same genre of cases, *Fair Assessment in Real Estate Assn. v. McNary*, 454 US 100 (1981) and *Private Truck Council v. Oklahoma Tax Comm*., 515 US 582 (1995) likewise are irrelevant to Defendants' 12(b)(6) motion as they are distinguishable from "*Black et al v. Lefebvre et al*" in that they also discuss issues related to whether remand to state court would have been applicable in those particular cases. And, most importantly, as to all cases cited by the Defense Team, there is no indication that, in those cases, Motions to Dismiss had already been denied in another Court, as is the case in "*Black et al v. Lefebvre et al*".

## VI. JUSTICE SAVAGE DECIDED THAT PLAINTIFFS' WELL-PLEADED CLAIMS SHALL NOT BE DISMISSED:

In filing this, its second 12(b)(6) Motion to Dismiss, it is notable that the Defense Team does not discuss nor even mention the outcome of the 12(b)(6) Motion to Dismiss they filed over in State Superior Court last year, prior to their removal to this Court (*Black et al v. Lefebvre et al*, PC C.A. No. 04-4457) (Exhibit 2). the Defense Team's 12(b)(6) Motion to Dismiss was denied more than a year ago, on January 11, 2005, and, as such, it

is barred from being raised again now by the Defense. That the Defense has added another law firm to the Defense Team cannot operate to give any defendant a second bite of the "12(b)(6) apple". If this were so, Defendants would keep adding law firms in order to try and try again. They might even try to employ a firm with the skills of "The mythical and legendary firm of Hinder, Stall, and Delay" (quoting Judge Flaherty in _*Union Station Assoc. et al v. Thomas Rossi as Tax Assessor for Providence, RI et al*_, RI Supreme Court, No. 2002-454-Appeal, PC 97-511).

Likewise, that the Defense has since removed to this Court does not operate to give any defendant a second bite of the "12(b)(6) apple". If that were an option, again, the likes of "Hinder, Stall, and Delay" might be employed to run pro se Plaintiffs in circles all around the city filing Objections and Memoranda of Law to over and over argue for denial of 12(b)(6) motions regarding the same claims for which dismissal was previously denied elsewhere. The State Superior Court did not find Plaintiffs' Complaints to be mutually exclusive with Plaintiffs' Petition. Of Plaintiffs' fraud and 1st Amendment complaints (added after January 11, 2005), the controlling legal principles applied by the Superior Court in denying dismissal operate to preclude dismissal of those claims as well.

## VII. PLAINTIFFS' PRAYER FOR RELIEF

For all applicable reasons, and the reasons stated, Plaintiffs object to Defendants' motion and now move that this Honorable Court deny Defendants' motion, or, in the interest of substantial justice, allow Plaintiffs to amend to cure if this Court finds so necessary.

**BY:** 2/6/06 **Plaintiffs:**

**Janice F. H. Black, pro se**

**John J. Black, pro se**
**3 Colley Court**
**Barrington, Rhode Island 02806**
**Telephone: (401) 245 - 2356**