DATE: Monday, May 16, 2005

Paid. 12-15-2005 thank you!

TO: JOHN BLACK, pro se

FROM: **LISA L. KELLY,**
**Certified Court Reporter**

RE: Transcript of **Decision on the Defendant's Motion to Dismiss rendered by Ms. JUSTICE JUDITH C. SAVAGE**
in the matter of:
**John J. Black and Janice F.H. Black vs. Rebeca J. Lefebvre, Tax Assessor for the Town of Barrington, Rhode Island, officially and personally**
**#PC/2004-4457**
in the Providence County Superior Court on **Tuesday, January 11, 2005 (A.M. Session).**
(Civil Motion Calendar)

16 (Orig.) Pages

**TOTAL AMOUNT DUE:** **$ 48.00**

Lisa L. Kelly

**Thank you.**

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

PROVIDENCE, S.C. SUPERIOR COURT

JOHN J. BLACK and
JANICE F.H. BLACK

VS. # PC/2004-4457

REBECCA J. LEFEBVRE, TAX ASSESSOR
FOR THE TOWN OF BARRINGTON,
RHODE ISLAND, OFFICIALLY AND
PERSONALLY

Transcript of **DECISION** on the **Defendant's Motion to Dismiss** rendered by **Ms. Justice Judith C. Savage** in the above-entitled matter in the Providence County Superior Court on **Tuesday, January 11, 2005 (A.M. Session).**

**APPEARANCES**:

JANICE F.H. BLACK, pro se
JOHN J. BLACK, pro se

MICHAEL URSILLO, ESQUIRE..........FOR DEFENDANT TOWN OF BARRINGTON

**C E R T I F I C A T E**

I, LISA L. KELLY, do hereby certify that the succeeding pages, 1-14, inclusive, are a true, accurate and complete transcript of my stenographic notes taken before **MS. JUSTICE JUDITH C. SAVAGE** in the Providence County Superior Court in the matter of John J. Black and Janice F.H. Black vs. Rebecca J. **Lefebvre, Tax Assessor for the Town of Barrington, Rhode Island, officially and personally; #PC/2004-4457.**

**Said transcript** contains the **Decision** on the **Defendant's Motion to Dismiss** rendered in the above-entitled matter on **Tuesday, January 11, 2005 (A.M. Session).**

Lisa L. Kelly

**LISA L. KELLY,**
**Certified Court Reporter**

**TUESDAY, JANUARY 11, 2005**

**(A.M. SESSION)**

(CIVIL MOTION CALENDAR CALLED:

THE CLERK: Your Honor, on page four, 2004-4457 John J. Black vs. Rebecca J. Lefebvre.

MR. URSILLO: Your Honor, Michael Ursillo on behalf of the Town of Barrington.

MS. BLACK: Your Honor, Janice Black, plaintiff.

MR. BLACK: Your Honor, I am John Black, plaintiff.

THE COURT: Okay, let me just first address the procedural posture of this matter. This Court is in receipt of the defendant's motion to dismiss and the memorandum and exhibit in support of that motion. The Court is also in receipt of the plaintiffs' objection to that motion with the supporting memorandum and exhibits. I am in receipt also of the plaintiffs' response to a reply purportedly filed by the defendant, but I don't have the reply.

Do you have a copy of that?

MR. URSILLO: Yes, your Honor. Is that the one you are missing, your Honor?

THE COURT: Yes, for purposes of the record, I did review the case file, the docket, and there is no evidence that this reply was filed or that a chambers copy was submitted either. I noticed it was filed on

the 4th of January.

MS. BLACK: Yes. We have a copy of what was certified to us, if you would like that for comparison.

THE COURT: Okay.

MS. BLACK: And our response was in reply to this. Thank you, your Honor.

(DOCUMENT HANDED TO COURT)

THE COURT: It appears to be the same.

MS. BLACK: Thank you, your Honor.

THE COURT: You can have it back. Just give me a minute to review it. I think I will be ready to proceed.

MS. BLACK: Thank you, your Honor.

(PAUSE)

THE COURT: I will entertain any argument, briefly, that you wish to make to augment the papers. I will ask that you not cover matters that have been fully briefed. I have had an opportunity now to review all the papers filed, including the underlying complaint in this action, which is voluminous, and the only other issue I wanted to address (and this bears on part of the pending motion) is that aspect of the motion dealing with the failure to join indispensable parties. My review of the complaint indicates that the plaintiffs seek to add the town potentially as a defendant after the forty day

notice period has elapsed. Has anything occurred with regard to that?

MR. URSILLO: It has not, your Honor. But I assume your Honor is going to allow them to amend the complaint. I really believe the issue this morning -- leave the issue this morning for the Court's decision is relative to the tax assessor being sued personally. I also, given all the pleadings in front of you, is really a 12(c) motion for judgment on the pleadings with regard to that issue.

MS. BLACK: If I could respond to that, your Honor. I would say that the motion to dismiss is not just on that matter. It is on the matter of what the defendant terms a fatally lack of joining of indispensable party or parties. So, there are two issues put forth and we appreciate that you read all of the documents. We feel that we briefed it appropriately. On the issue of amending to join the Town, we did serve the required notice under the statute, 45-15-5. The notice requires that we give at least forty days. We have done that at this time we have not made motion to amend, nor have we filed the separate complaint that needs to be joined. So, we agree that that is not in front of the Court at this time.

Thank you.

THE COURT: Okay. You all may take a seat if you like.

This case involves the tax assessment of property owned by John J. Black, also known as Jeff Black, and Janice F.H. Black, the plaintiffs, in Barrington, Rhode Island. In their complaint, the plaintiffs allege that an incorrect valuation and tax assessment was performed on their property on December 31, 2002 by the Tax Assessor for the Town of Barrington, Rhode Island, Rebecca J. Lefebvre, who will be referred to as the defendant.

Thereafter, the plaintiffs filed an appeal with the Town of Barrington Board of Assessment Review. After receiving an unfavorable decision on their appeal, the plaintiffs filed a pro se petition with this Court pursuant to Rhode Island General Laws Section 44-5-26 in which they seek to overturn the decision of the Town of Barrington Board of Assessment Review. The plaintiffs also have filed claims against defendant, Rebecca LeFebvre, in her personal capacity. Pursuant to those claims, the plaintiffs seek punitive and compensatory damages, as well as a declaration that the defendant cease and desist from interfering with the plaintiff's legal rights.

The defendant has filed a motion to dismiss the

complaint against her in her personal capacity pursuant to Rule 12(b)(6) (which may also invoke Rule 12(C)) and has filed a motion to dismiss the complaint against her in both her individual and official capacities pursuant to Rule 12(b)(7) of the Rhode Island Rules of Civil Procedure. The defendant has also submitted a memorandum and exhibit. The plaintiffs have filed an objection with supporting memorandum and exhibits.

Plaintiffs have filed a response to the reply memorandum filed by the defendant -- the latter of which has been transmitted to the Court here this morning.

The defendant argues that the plaintiffs' claims against her personally should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted because the plaintiffs' complaint does not set forth any claims, facts or allegations that would support a suit against the defendant in her personal capacity.

The defendant also argues that the complaint should be dismissed in its entirety due to the plaintiffs' failure to join indispensable parties, namely the Town of Barrington and the Board of Assessment Review. The defendant contends that the relief requested in the plaintiff's petition for tax relief affects the rights of the Town and the Board. According to the defendant,

the failure to join the Town and Board as parties would result in prejudice to those parties.

Also, the defendant is seeking to argue that the complaint cannot prevail with regard to overcoming the qualified immunity defense on the merits because there are insufficient matters contained within the complaint on its face that would show the plaintiffs have the ability to surmount such a defense. The plaintiffs object to those arguments.

Plaintiffs argue that their complaint properly sets forth claims against the defendant in her personal capacity upon which relief can be granted. The plaintiffs contend that their complaint seeks to redress harm done to them from the defendant's tortious conduct outside the scope of her authority and from the defendant's infringement of the plaintiffs' constitutional rights in violation of 42 U.S.C. Section 1983. Furthermore, the plaintiffs argue that the city or town tax assessor is the sole indispensable party for petitions brought pursuant to Rhode Island General Laws Section 44-5-26(b).

In this case, the plaintiffs' allegations against the defendant personally essentially mirror the text of 42 U.S.C. Section 1983 entitled "Civil Action for Deprivation of Rights" which provides as follows:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any state or territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." **42 U.S.C. Section 1983.** Thus, to properly bring suit against the defendant pursuant to 42 U.S.C. Section 1983, it must be alleged that "a person, while acting under color of state law" has deprived the plaintiff of federal constitutional or statutory right. **See 42 U.S.C. Section 1983.** In paragraph 119 of their complaint, the plaintiffs allege that the "Defendant's negligent, intentional, reckless, outrageous, punitive and malicious conduct caused plaintiffs to be deprived of property without due process of law, and that such conduct occurred under the color of state law in that defendant invoked state law as justification for

defendant's actions."

A plaintiff is not required to plead the ultimate facts that must be proven to succeed on the complaint. **Haley v. Lincoln, 611 A.2d 845, 848 (R.I. 1992).** "The plaintiff is also not obligated to set out the precise legal theory upon which his or her claim is based." **Id.** "All that is required is that the complaint gives the opposing party fair and adequate notice of the type of claim being asserted." **Id. (citing Friedenthal, Kane, and Miller, Civil Procedure Sections 5.7 and 5.8 at 252-56 (West 1985); 1 Kent, R.I. Civil Practice, Section 8.2 at 83-894.** "Although a statement of circumstances and occurrences in support of the claim being presented is plainly contemplated in order to provide such notice, great generality in such a statement is allowed as long as defendant is in fact given fair notice of what is claimed." **Id. (citing 5 Wright & Miller, Federal Practice and Procedure: Civil 2d Section 1215 at 145 (West 1990)).**

The plaintiffs' complaint clearly puts the defendant on notice that the plaintiff is making a claim under **42 U.S.C. Section 1983.** Moreover, it does not appear "to a certainty that the plaintiffs will not be entitled to relief under any set of facts which might be proved in support of their claim," even considering the

issue of qualified immunity that is raised in conjunction with this motion. **Giuliano v. Pastina, Jr.**, **793 A.2d 1035, 1037 (R.I. 2002) (quoting Bragg v. Warwick Shoppers World, Inc. 227 A.2d 582, 54 (R.I. 1967)).** Consequently, the plaintiffs' claim against the defendant personally will not be dismissed, pursuant to Rule 12 (b)(6) or Rule 12 (c). Defendant's motion to dismiss the plaintiffs' claims against her in her individual capacity is thus denied, obviously without prejudice to renewal of that motion on summary judgment or otherwise on an expanded factual regard which would allow the Court to address the issues of qualified immunity, if properly raised, and ultimate liability under either Section 1983 or Rhode Island General Laws Section 44-2-3.

Next the Court must address the argument in the motion of the defendant that there was a failure to join indispensable parties that is a ground for dismissal of plaintiffs' civil action under Rule 12(b)(7) of the Rules of Civil Procedure of the Superior Court.

In this particular case, while plaintiffs seek to "overturn the Decision of the Barrington Board of Assessment Review" and request that this Court direct the Town to "correct Plaintiffs' valuation and assessment" and "rebate, with interest and costs, any

and all excess taxes paid by the plaintiffs," it would appear that the only indispensable party in a taxpayer petition is the town tax assessor. Rhode Island General Laws Section 44-5-26, "Petition in Superior Court for relief from assessment," provides a specific path that all aggrieved taxpayers in the State must follow. First, an aggrieved taxpayer may "file an appeal in the local office of tax assessment." If still aggrieved, the taxpayer "may appeal the decision of the tax assessor to the local tax board of review." Any person still aggrieved by the decision of the local tax board of review "may file a petition in the Superior Court for the county in which the city or town lies for relief from the assessment, to which petition the assessors of taxes of the city or town in office at the time the petition is filed shall be made parties respondent." Rhode Island General Laws Section 44-5-26. The plain language of the statute thus indicates that it may not be necessary for a town or the local tax board to be named as a party in a taxpayer's petition. Accordingly, the defendant's motion to dismiss pursuant to Rule 12(b)(7) is denied.

However, as previously addressed by the Court and as plaintiffs indicated in their complaint, the town will be added as a party defendant after the forty day

notice period has elapsed and, as plaintiffs seek relief against both the Town and the Board of Review, the plaintiffs will be required to amend their complaint to name these two entities as party defendants or risk denial of part of the relief sought to the extent the Court may later deem it necessary to have those parties as named parties in order to afford plaintiffs the full relief that they seek in their complaint.

How much time is needed to amend the complaint, if necessary or if you choose to do so?

MS. BLACK: Your Honor, may I have just one moment before I speak.

THE COURT: Yes.

(PAUSE)

MS. BLACK: Your Honor, do you have a copy of the complaint in front of you?

THE COURT: I do.

MS. BLACK: I apologize for the volume of words. I just want to clarify one issue before the decision is final. On page thirty-one, if you look at "remedies" we have --

THE COURT: Page what, please?

MS. BLACK: Thirty-one of the original complaint. We have distinguished on the remedies, those which lie on the petition or those which we are asking on the

petition and those which we are requesting on the complaint. On the petition, those -- the authority and the empowerment to enact those remedies would lie with the Board of Assessment Review during the hearing process. When we went through the hearing, we went in front of the Board of Assessment Review. Obviously, they have the power to hear those issues. We had asked for certain remedies that the statistical re-valuation be corrected to -- correct our disportional impact. We asked for remedies before the board that they had the power to effectuate by making a decision in our favor and then recommending to the Town that they effectuate that decision. So, those remedies exist on the petition and that would fall under 44-5-26 (b) where the tax assessor is named in her official capacity.

So, I would just clarify at this point, your Honor, that my position and certainly correct me if I am -- if you need to, my position would be while we can amend, don't necessarily need to amend to bring in the Board of Assessment Review or the town to effectuate the remedies on the petition as requested for the remedies of the complaint as requested and the reason that -- if you look at the statute, and you think about the tax, the tax scheme, if you will, the tax authority -- if you look at the statute that allows the petition for appeal,

the legislature contemplated the naming of the tax official as defendant or respondent on the petition so as to avoid having to bring the Assessment of Review in on something like this because if they come in they most likely will refer to the -- defer to the tax official who came up with the valuation and put the assessment in place and was charged with that responsibility. So, I think the statute is clear on the petition and -- I would like the decision to reflect that it is not necessary for us to name additional parties if you --

THE COURT: All I am prepared to indicate at this juncture is that may be a legal determination for future consideration by the Court.

MS. BLACK: Very good, your Honor.

THE COURT: To the extent you want to rely on the argument you just made, if you happen to be wrong, you will have lost your right to seek the additional remedy.

MS. BLACK: I understand. Thank you very much, your Honor.

MR. BLACK: Thank you, your Honor.

THE COURT: And I would just further note in that regard that you specifically seek a remedy against the town in the body of your complaint --

MS. BLACK: I understand, your Honor. Thank you.

MR. BLACK: Thank you very much.

THE COURT: Once again, if I could have a form of order by week's end as well.

Who is going to prepare that?

MS. BLACK: I will, your Honor.

Mr. URSILLO: I will review it, your Honor.

THE COURT: If that could occur prior to the week's end and be forwarded to me, I would appreciate it.

MR. URSILLO: Thank you, your Honor.

MS. BLACK: Thank you, your Honor.

THE COURT: All set. Court stands in recess.

(COURT RECESSED AT 10:59 A.M.)