UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JOHN J. BLACK (a/k/a "Jeff Black"),
and JANICE F.H. BLACK,
                Plaintiffs,

v.                                               C.A. No. 05-449 ML

REBECCA J. LEFEBVRE, Tax Assessor
for the Town of Barrington, Rhode Island,
officially and personally, and the TOWN OF
BARRINGTON, RHODE ISLAND, Through
its Treasurer, Dean M. Huff, Jr.,
                Defendants.

## MEMORANDUM AND ORDER

       This matter is before the Court on Defendants' motion to dismiss filed pursuant to Fed. R.

Civ. P. 12(b)(6). The Court acknowledges Plaintiffs' pro se status and reads the amended

complaint and Plaintiffs' papers with a more generous import than it would if Plaintiffs were

represented by counsel. For the reasons stated herein, the Court dismisses the matter pursuant to

Fed. R. Civ. P. 12(b)(1) and remands it to state court.

       Plaintiffs' cause of action was originally filed in Rhode Island Superior Court and was

subsequently removed to this Court. The matter involves a dispute over the tax assessment of

real property owned by Plaintiffs which is located in Barrington, Rhode Island. Plaintiffs'

amended complaint is approximately thirty-five pages in length and includes general allegations

of purported constitutional violations and other claims of misconduct.

       The Court has significant difficulty in identifying the specific claims that Plaintiffs are

making. It appears, however, that Plaintiffs allege violations of Article I Section 2 of the Rhode

Island Constitution and violations of the First, Fifth, and Fourteenth Amendments of the United

States Constitution. Plaintiffs allege violations of "equal protection of the laws and the right not to be deprived of property without due process of law, both procedural and substantive[1], and the right to freedom of speech and to petition the government for redress of grievances; such violations also being in violation of" 42 U.S.C. § 1983. Petition and Complaint (Amended) at 2. Plaintiffs also allege "harm and injury" and a deprivation of property caused by Defendants' negligent and/or fraudulent behavior. Id. at 1.

Plaintiffs' amended complaint is titled "petition and complaint (amended)." Plaintiffs' "petition" requests relief from real estate taxes assessed by the Town; their "complaint" requests relief for the "harm and injury" Defendants allegedly caused Plaintiffs as a result of their conduct. In essence, Plaintiffs allege that the tax assessor for the Town of Barrington ("Town") incorrectly valued and assessed their property as of December 31, 2002. Plaintiffs have attacked the manner in which the Town arrived at the assessment. Plaintiffs' allegations arise either from the Town's assessment and collection of taxes or the Town's manner or process of assessing and collecting taxes. In essence, Plaintiffs allege that the Town's administration of the tax system is unlawful.

Plaintiffs have split their remedies' request between the petition and the complaint. In the petition section of Plaintiffs' remedy request, Plaintiffs seek to overturn the decision of the Town's Board of Assessment Review pursuant to R.I. Gen. Laws § 44-5-26. Plaintiffs also request that the Court enter an order directing the Town to correct the valuation and assessment, to issue a rebate of the taxes paid as a result of the "erroneous" valuation and assessment, and to grant such other legal and/or equitable relief as the Court deems appropriate. Petition and

---

[1]The Court construes Plaintiffs' position as alleging violations of due process and equal protection under both the federal and state constitutions.

Complaint (Amended) at 34.    In the complaint portion of their remedy request, Plaintiffs seek compensatory and punitive damages, a cease and desist order and an order granting such other legal and/or equitable relief as the Court deems necessary.  Id. at 34-35.

When reviewing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the well-pled facts must be taken as true and all reasonable inferences must be drawn in favor of plaintiff. Figueroa v. Rivera, 147 F.3d 77, 80 (1st Cir. 1998).  A court should not grant a motion to dismiss unless "it appears to a certainty that the plaintiff would be unable to recover under any set of facts."  Roma Construction Company v. aRusso, 96 F.3d 566, 569 (1st Cir. 1996).  The court exempts those "facts" which "have since been conclusively contradicted by plaintiff['s] concessions or otherwise, and likewise eschew[s] any reliance on bald assertions, unsupportable conclusions and 'opprobrious epithets.'"  Chongris v. Board of Appeals, 811 F.2d 36, 37 (1st Cir.), cert. denied, 483 U.S. 1021 (1987) (citation omitted).

Before the Court considers Defendants' 12(b)(6) argument it must first address the question of its subject matter jurisdiction.  The Tax Injunction Act ("Act") provides: "The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."  28 U.S.C.A. § 1341 (West 1993).  The Act "reflects the congressional concern with federal court interference with state taxation . . . ."  National Private Truck Council, Inc. v. Oklahoma Tax Commission, 515 U.S. 582, 590 (1995).  The Act divests this Court of subject matter jurisdiction "over all actions within its statutory ambit."  Smith v. Ayotte, 356 F. Supp. 2d 9, 12 (D.N.H. 2005).  "[A]llegations of deprivations of constitution rights do not render the Act inapplicable." Id. (internal quotation marks and citation omitted).  The Act usually requires federal courts to

3

dismiss or remand cases involving state tax claims.  <u>Bank of New England Old Colony, N.A. v. Clark</u>, 796 F. Supp. 633 (D.R.I. 1992), <u>aff'd</u>, 986 F.2d 600 (1st Cir. 1993).  The Act forbids declaratory and injunctive relief.  <u>Trailer Marine Transport Corp. v. Rivera Vasquez</u>, 977 F.2d 1 (1st Cir. 1992).  The Act applies to "all federal claims, even those posing important constitutional or civil rights questions."  <u>Keating v. State of Rhode Island</u>, 785 F. Supp. 1094, 1097 (D.R.I. 1992).  The Act's commands are jurisdictional and are not subject to waiver.  <u>Cumberland Farms, Inc. v. Tax Assessor</u>, 116 F.3d 943 (1st Cir. 1997).  The Act bars suits for a refund of state taxes. <u>Lawyer v. Hilton Head Public Service Distrct No. 1</u>, 220 F.3d 298 (4th Cir. 2000).  The "<u>manner</u> in which a municipality administers its tax authority falls within the ambit of the" Act.  <u>Izzo v. City of Syracuse</u>, No. 98-CV-0778, 2000 WL 1222014 at *4 (N.D.N.Y. Aug. 3, 2000)(emphasis added), <u>aff'd,</u> 11 Fed. Appx. 31 (2d Cir. 2001).  Two factors must be present in order to divest a federal court of jurisdiction under the Act: (1) the challenged levy must constitute a tax, and (2) the state must furnish an adequate remedy that is "plain, speedy, and efficient."  <u>Cumberland Farms</u>, 116 F.3d at 945.

It is clear that Plaintiffs' petition and complaint involves a dispute over the assessment and collection of real estate taxes by a municipality.  "State taxation for § 1341 purposes, includes local taxation."  <u>Hibbs v. Winn</u>, 542 U.S. 88, 100 n.1 (2004).  On the petition Plaintiffs seek relief pursuant to  R.I. Gen. Laws § 44-5-26(b).  Section 44-5-26(b) provides, in part, that:

> Any person still aggrieved on any ground whatsoever by an assessment of taxes against him or her in any city or town may, within thirty (30) days of the tax board of review decision notice, file a petition in the superior court for the county in which the city or town lies for relief from the assessment, to which petition the assessors of taxes of the city or town in office at the time the petition is filed shall be made parties respondent, and the clerk shall thereupon issue a citation . . . .

4

R.I. Gen. Laws § 44-5-26(b) (Supp. 2003).  Plaintiffs have thus invoked the review procedures

pursuant to state law.  "This Court has already determined conclusively that Rhode Island's

procedures for challenging state taxes meet the . . . requirements of [the Act]."  Bank of New

England, 796 F. Supp. at 636.  Since Plaintiffs have invoked their right of review under state law

and the procedures under state law meet the constraints of the Act, the application of the Act

divests this Court of jurisdiction to rule on Plaintiffs' petition requesting that the Court overturn

the decision of the Town's Board of Assessment Review, correct the valuation and assessment,

order the state to issue a rebate, or order other equitable relief.  Any such action by this Court

would impermissibly "restrain the assessment, levy, or collection of a tax under State law."  Bank

of New England, 796 F. Supp. at 636 (internal quotation marks and citation omitted); see also

Behe v. Chester County Board of Assessment Appeals, 952 F.2d 66 (3d Cir. 1991) (Act

prohibited the district court from exercising jurisdiction over an action where plaintiffs sought a

court order requiring defendants to conduct property assessments according to law and argued that

the defendants' failure to reassess property on an annual basis violated federal substantive due

process, equal protection, and the state constitution).  Consequently, this Court is precluded by the

Act from entertaining Plaintiffs' petition for relief from the Town's assessment of real estate

taxes.

It also appears that Plaintiffs bring an action for monetary damages pursuant to 42 U.S.C.

§ 1983 as a result of purported violations of certain federal constitutional rights.  It is not clear,

however, in this circuit, whether the Act would also prohibit a claim for money damages pursuant

to 42 U.S.C. § 1983.  In Cumberland Farms, the First Circuit, citing National Private Truck, held

that "the [Act] forbids not only injunctive relief, but also declaratory and monetary relief."

<u>Cumberland Farms</u>, 116 F.3d at 945 (emphasis added).  Several years later in <u>Tomaiolo v.</u>

<u>Mallinoff</u>, 281 F.3d 1, 6 (1st Cir. 2002) the First Circuit explained that in <u>Fair Assessment in Real</u>

<u>Estate Association, Inc. v. McNary</u>, 454 U.S. 100 (1981), the Supreme Court held that the

principles of comity, not the Act, barred a federal court from considering a claim for damages

pursuant to § 1983 by a group of property owners alleging that their county's tax assessors had

denied them equal protection and due process by failing to reassess their property in a timely

fashion.  <u>Tomaiolo</u>, 281 F.3d at 6.

"The [United States Supreme] Court has . . . explained that what it did in <u>Fair Assesment</u>

was to construe § 1983, in light of the principle of comity[2], <u>to provide no cause of action for</u>

<u>damages in state tax cases</u>."  <u>Id.</u> (emphasis added).  <u>Tomaiolo</u> concluded that it was "clear" that

<u>Fair Assesment</u> applied because the plaintiff was bringing a § 1983 action "for damages suffered

in the allegedly unlawful administration of a state tax system."  <u>Id.</u> at 7.  <u>Tomaiolo</u> noted,

however, that it was "less clear – as a matter of Supreme Court precedent – that the Tax

Injunction Act . . . applies."  <u>Id.</u>  "The law of this circuit may differ after <u>Cumberland Farms</u> . . .

which states, citing <u>National Park Truck</u> . . . and without further analysis, that the Tax Injunction

Act applies directly to suits under § 1983 for money damages. . . ."  <u>Id.</u> at n.5.

This lingering question of whether, in the First Circuit, the Act would also preclude

---

[2]Comity is the
   proper respect for state functions, a recognition of the fact that the entire country is
   made up of a Union of separate state governments, and a continuance of the belief that
   the National Government will fare best if the States and their institutions are left free to
   perform their separate functions in separate ways. . . . [T]he concept [represents] a
   system in which there is sensitivity to the legitimate interests of both State and National
   Governments, and in which the National Government, anxious though it may be to
   vindicate and protect federal rights and federal interests, always endeavors to do so in
   ways that will not unduly interfere with the legitimate activities of the States.
Fair Assessment, 454 U.S. at 112 (internal quotation marks and citation omitted).

Plaintiffs' § 1983 claim for money damages need not be addressed because even if the Act does

not preclude this Court's jurisdiction on Plaintiffs' money damages claims, the principles of

comity would.  The principles of comity "generally counsel that courts should adopt a hands-off

approach with respect to state tax administration." National Private Truck, 515 U.S. at 586.

"While [the] comity principle reflects some of the same concerns that led Congress to enact the

Tax Injunction Act . . . it stands on its own bottom, and extends to cases seeking monetary

damages as well as injunctive or other equitable relief." Chippewa Trading Co. v. Cox, 365 F.3d

538, 541 (6th Cir.), cert. denied, 543 U.S. 988 (2004).  "Federal courts treat the comity doctrine

and the Tax Injunction Act as two facets of the same proposition: that plaintiffs cannot receive

relief – money damages, declaratory judgment or an injunction – from federal courts regarding

state tax issues, unless the plaintiff can demonstrate that the state system is procedurally

inadequate." Guertin v. City of Eastport, 143 F. Supp. 2d 67, 70 (D. Maine 2001).  Plaintiffs'

§ 1983 claim for monetary damages is essentially the same argument addressed by the Supreme

Court in Fair Assessment: they claim to have incurred damages as a result of the unlawful

administration of a state tax system.  Based upon the principles of comity, federal courts should

not interfere with state tax systems so long as the state tax system provides a "plain, adequate, and

complete" remedy. Fair Assessment, 454 U.S. at 116; see also Tomaiolo, 281 F.3d at 5-8.  Rhode

Island's tax system provides a plain, adequate and complete remedy.[3]  See Tomaiolo, 281 F.3d at

7-8.  Consequently, this Court is barred by the principles of comity from addressing Plaintiff's §

---

[3]Tomaiolo noted that Fair Assessment "neither recognized nor wholly ruled out" any difference between the
principle of comity's plain, adequate, and complete remedy and the Tax Injunction Act's plain, speedy and efficient
remedy. Tomaiolo, 281 F. 3d at 6 n.4.  "Indeed, we note that many courts applying the Tax Injunction Act and Fair
Assessment have in effect rolled the two inquiries into one." Id. at 7 n. 6; see also Geurtin, 143 F. Supp. 2d at 70.

1983 claims.

Plaintiffs also appear to request damages as a result of Defendants' purported violations of state constitutional law and Defendants' negligence and fraudulent behavior. Because the Court reads Plaintiffs' petition and complaint as one challenging both the Town's assessment and collection of taxes and the manner and process of the assessment and collection, Plaintiffs' state law claims also "invite undue interference into State tax administration, because the claims are based on the manner in which . . . officials carried out their duties in assessing property, levying and collecting taxes, and informing and advising taxpayers about their tax liabilities. Under principles of comity, these claims must be dismissed." Pilkington v. San Mateo County Tax Collector, No. C97-02233, 1997 WL 578659 at *2 (N.D. Cal. Sept. 8, 1997); see also Gray v. Owens, 413 F. Supp. 2d 573, 582 (D. Maryland 2006) (court declined to exercise supplemental jurisdiction over state law claims because they were intertwined with federal claim for a refund of local taxes and because the Act and the principles of federalism prevented the court from exercising its jurisdiction and concluding that "even if the [Act did] not deprive this [c]ourt from exercising supplemental jurisdiction over [the] state law claims. . . compelling reasons exist for declining to exercise such jurisdiction in this case"). "Taken together, the [Act] and the Supreme Court's decision in [First Assessment] make it clear that a federal court cannot entertain a suit posing either an equitable or a legal challenge to state or local taxes . . . if a sufficient remedy . . . is available in state court." Lawyer, 220 F.3d at 302. The principles of comity preclude this Court from consideration of Plaintiffs' claims for money damages based upon alleged violations of state

8

law.[4]

Based upon the provisions of the Tax Injunction Act and the principles of comity, this Court is barred from entertaining Plaintiffs' petition and complaint. The matter must be dismissed for lack of subject matter jurisdiction. The claims raised by Plaintiffs are better addressed in the state court; consequently, the matter is remanded to the Superior Court of Rhode Island.


SO ORDERED:


Mary M. Lisi
United States District Judge
June  6  , 2006


---

[4]Plaintiffs also seek a cease and desist order and an order granting such other legal or equitable relief as the court deems necessary. The Court determines that the requested remedies are also barred by the Tax Injunction Act and/or the principles of comity.